## DAVIS v. UNITED STATES.
### No. 135.

Circuit Court of Appeals, Second Circuit.
Jan. 4, 1937.

324

Donald Horne, of New York City, for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (William F. Young, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

During the taxable year 1932, the appellant had, and reported, net income of $17,160.35 derived other than from sales or exchanges of stocks and bonds held not more than two years. That is to say, he had no income whatever from sales or

exchanges of what are by section 101 of the Revenue Act of 1932 (47 Stat. 191) defined to be noncapital assets:

During the same taxable period he sold stocks which were noncapital assets within the definition of the above-mentioned section at a loss of $13,285. He claimed the right to deduct the loss so sustained from his net income derived as before stated, but the deduction was disallowed in accordance with the provisions of section 23 (r) of the 1932 Act (47 Stat. 183), limiting, with certain exceptions not here pertinent, deductions for losses sustained from sales or exchanges of stock and bonds defined to be noncapital assets to the extent of the gains from such sales or exchanges. This denial of the deduction claimed resulted in the assessment and collection of the entire tax sought to be recovered in this suit since appellant was allowed other deductions from net income which brought his net taxable income below the amount of the loss he was not permitted to deduct.

The sole question raised on this appeal is the validity of section 23 (r) of the 1932 Revenue Act. Appellant argues (1) that its effect is to cause a direct tax to be levied without apportionment contrary to article 1, section 9 of the Constitution; and (2) that the classification resulting is so unreasonable, arbitrary, and capricious as to violate the due process clause of the Fifth Amendment.

It will be well to note at the start that our scheme of income taxation provides for a method of computation whereby all receipts during the taxable period which are defined as gross income are gathered together and from the total are taken certain necessary items like cost of property sold; ordinary and necessary expenses incurred in getting the so-called gross income; depreciation, depletion, and the like in order to reduce the amount computed as gross income to what is in fact income under the rule of Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570, and so lawfully taxable as such. In this way true income is ascertained by taking from gross income as defined that which is necessary as a matter of actual fact in order to determine what as a matter of law may be taxed as income. While such subtractions are called deductions, as indeed they are, they are not to be confused with deductions of another sort like personal exemptions; deductions for taxes

paid; losses sustained in unrelated transactions and other like privileges which Congress has seen fit to accord to income taxpayers under classifications it has established. While the first kind of deductions are inherently necessary as a matter of computation to arrive at income, the second may be allowed or not in the sound discretion of Congress; the only restriction being that it does not act arbitrarily so as to set up in effect a classification for taxation so unreasonable as to be a violation of the Fifth Amendment. Such deductions as distinguished from the first kind are allowed by Congress wholly as a matter of grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Van Vleck v. Commissioner, 80 F.(2d) 217 (C.C.A. 2); Gillette v. Commissioner, 76 F.(2d) 6 (C.C.A. 2). While the computation of income is made with due and necessary regard to periods of time, which are established years either calendar or fiscal, it cuts altogether too fine to say that true, and therefore taxable, income can only be ascertained by putting together all the profit and loss transactions of the period and determining· net income accordingly regardless of the fact that they may in whole or in part be quite unrelated except for the time element and the fact that they were those of the same taxpayer. If, for instance, a separate and distinct transaction during the year results in a net realized gain to the taxpayer in and of itself, income which is taxed has been received, but Congress may, or may not, have allowed deductions which as a matter of computation will relieve that income in whole' or in part from the taxation to which otherwise it would be subject. As the allowance of deductions working such a result is discretionary with Congress, net income for any taxable period need not necessarily be the same as net taxable income for that period, and the variation may be to the extent that Congress has seen fit either to allow, to limit, or to deny deductions within its control as a matter of grace. See Brushaber v. Union Pacific R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas.1917B, 713; Denman v. Slayton, 282 U.S. 514, 51 S.Ct. 269, 75 L.Ed. 500; Helvering v. Independent Life Ins. Co., 292 U.S. 371, 54 S.Ct. 758 78 L.Ed. 1311.

The loss which the appellant tried to deduct from his unrelated income falls within the second class of deductions of which mention has been made, and so its limitation as in section 23 (r) was one which Congress could control in its sound discretion without in substance levying a direct tax without apportionment. See Brushaber v. Union Pacific R. Co., supra.

There remains only the question whether Congress in passing section 23 (r) did so in the exercise of its sound discretion as distinguished from taking mere arbitrary and capricious action which resulted in taxation so baseless in reason as to deprive those adversely affected of their property without due process in violation of the Fifth Amendment. This in turn depends upon whether the classification of stocks and bonds held by a taxpayer for more than two years as "capital assets" and other stocks and bonds as "non-capital assets" and permitting those who suffered losses in selling and exchanging the former deductions which are denied the latter is based on a difference which actually exists or whether those who sell or exchange stocks and bonds they have not held for more than two years have been whimsically deprived of an advantage given those who keep their stocks and bonds for more than that time.

It is common knowledge that stocks and bonds held for more than two years are more likely to have been acquired for investment than those turned over sooner, and we think it reasonable for Congress so to classify between probable investment income and losses and probable speculative income and losses confining deductions for the second kind of losses to the extent of like gains while not so restricting losses of the former sort.

Permitting deductions for losses from transactions which may often be but one form of gambling only to the extent of like gains is not a limitation which will result in taxing as income that which is not, and we think it otherwise well within the bounds of reasonable action by Congress to curtail the effect of such losses upon the national revenue. It has much latitude in that respect. Compare Cohan v. Commissioner, 39 F.(2d) 540 (C.C.A. 2); Barclay & Co. v. Edwards, 267 U.S. 442, 45 S.Ct. 135, 69 L.Ed. 703; Denman v. Slayton, supra; Brushaber v. Union Pacific R. Co., supra; Neuss, Hesslein & Co., Inc., v. Edwards, 30 F.(2d) 620 (C.C.A. 2).

Judgment affirmed.