H. Denny Pierce and Alma C. Pierce, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 84509. Promulgated January 28, 1938.

*Jacob Mertens, Jr., Esq.*, for the petitioners.
*Carroll Walker, Esq.*, and *C. H. Curl, Esq.*, for the respondent.

OPINION.

HARRON: The question involved in this proceeding is whether, in the case of a joint return of husband and wife, the limitations imposed by section 23 (r) of the Revenue Act of 1932, as amended, on deductions of noncapital losses require that the noncapital gains and losses of each spouse be treated separately, i. e., whether noncapital losses shall be allowed only to the extent that *the individual*, *the* husband or *the* wife, realized noncapital gains.

Section 51 (b), Revenue Act of 1932, provides that:

(b) HUSBAND AND WIFE.—If a husband and wife living together have an aggregate net income for the taxable year of $2,500 or over, or an aggregate gross income for such year of $5,000 or over—

(1) Each shall make such a return, or

(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.

Where husband and wife exercise the statutory right to file a single joint return the gross income and deductions represent the combined receipts and deductions of each. To reach the aggregate taxable net income all deductions to which either is entitled are taken from the aggregate income of both. The Commissioner has recognized this in his regulations relating to the applicable statutory provision. Regulations 77, promulgated under the 1932 Act, article 381, provides in part:

Where the income of each is included in a single joint return, the tax is computed on the aggregate income and all deductions and credits to which either is entitled shall be taken from such aggregate income.

This Board has held that where a joint return is filed by husband and wife, each should be treated as an individual in applying provisions of the applicable revenue act where the question involved is whether the individual is entitled to some specific deduction. See *Frank B. Gummey*, 26 B. T. A. 894; *Charles F. Fawsett*, 31 B. T. A. 139. It is noted here that the question involved in those cases is not involved in this proceeding.

In the above cases, a joint return was filed for husband and wife. Each had sold securities at a loss and each was entitled to deduct the losses sustained individually under section 23 (e) of the Revenue Act of 1928. The issues in the two cases referred to differ from the issue in this proceeding, but they are referred to because in those cases it resulted that, after holding that each was entitled to a deductible loss under section 23 (e), each having sold securities at a

loss in transactions entered into for profit, it was held that the combined losses were deductible from the combined income reported in the single joint return. The Commissioner in those cases argued that where a husband and wife elect to file a joint return, they must be treated as one person for all purposes of the revenue act. The Board overruled this contention and said:

No authority has been pointed out to us that a husband and wife are to be denied deductions for losses sustained by them because they see fit to jointly return their taxable income. * * * Nor are we impressed with the argument of respondent that, if the view here announced is to prevail, then the deduction of each spouse is to be limited to the gross income of each. To accept this view we must deny 20 years of history in the administration of the income tax laws. * * * The acceptance of the privilege of filing a joint return by a married couple carries with it no denial of their individual rights under the statute. [*Charles F. Fawsett*, 31 B. T. A. 139, 142.]

It appears to be the principle of the above cases that once it is clear that a husband or a wife, as an individual taxpayer, is entitled to a deduction, then effect shall be given to the deduction allowable to each by including the deductions of each in the aggregate deductions in the single joint return filed. Since Congress has said that where a single joint return is elected by husband and wife as a method of reporting the income of each, then "the tax shall be computed on the aggregate income", aggregate income is offset by aggregate deductions.

The issue in this proceeding would not arise under section 23 (e) (2), Revenue Act of 1928. Specifically, the gain of the husband, $54,987.32, would be part of the aggregate income in the joint return and the loss of the wife, $3,646.78, would be part of the aggregate deductions. This would be the case because the loss in question did result from a transaction entered into for profit and Alma C. Pierce, as an individual taxpayer, would be entitled to a deduction for the loss.

However, in the Revenue Act of 1932, Congress enacted section 23 (r),[1] quoted in part in the margin, as the provision remained in 1933 after amendment by section 218 (b) of the National Industrial Recovery Act, 48 Stat. 209. Section 23 (r) (1) is applicable to the taxable year. Reading section 23 (r) (1) with section 23 (e) (2),[1]

---

[1] SEC. 23. (e) LOSSES BY INDIVIDUALS.—Subject to the limitations provided in subsection (r) of this section, in the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

* * * * * * *

(2) If incurred in any transaction entered into for profit, though not connected with the trade or business; or

* * * * * * *

(r) LIMITATION ON STOCK LOSSES.—

(1) Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations).

quoted also in the margin, subsection (r) is clearly a limitation upon section 23 (e) (2) and the language of that section specifically refers to such "limitation."

In this proceeding, the issue involves first the question whether Alma C. Pierce, as an individual taxpayer, was entitled to a deduction for the losses she sustained in 1933 from the sale of stock she had held less than two years. She had not realized any gains in 1933 from sales of similar stocks. It is our understanding of the limitation set forth by section 23 (r), upon section 23 (e) (2) that although the losses resulted from a transaction entered into for profit, nevertheless, under 23 (r), Alma Pierce could not take the losses in 1933 because they were realized on securities held less than two years and *she* had no gains from the sales of securities against which to offset her loss. She could take the losses only to the extent of her gains. It appears therefore that if she had filed an individual return she would not have been allowed deduction for these losses. This conclusion appears in accord with the intent of Congress as set forth in the Finance Committee Report, quoted in part below.[2]

In making up the joint return, the petitioner's method of treating the item of the loss claimed by Alma C. Pierce was to take the amount of the husband's gains from sales of securities held less than two years, to deduct therefrom the amount of the wife's losses from such sales, and to report in the return the net resultant amount as the gain to be reported. This was done instead of reporting the full amount of the gain in the aggregate income and the amount of the loss in the aggregate deductions. However, the method used in making up the return is immaterial. The question is simply whether, in a joint return, the loss of one spouse from the sales of securities held less than two years may be included in the aggregate deductions because there is present in the aggregate income an amount of gains from such sales in excess of the wife's losses, albeit the gains are those of the husband. Having concluded above that the individual who sustained the losses is not entitled to a deduction therefor, it

[2] Finance Committee Report No. 665, Revenue Act of 1932, p. 10—

* * * The provision was based upon a twofold policy: (1) Protecting the revenues from the growing practice of reducing tax liabilities by the sale of securities on which losses had accrued, and (2) preventing speculative losses from wiping out ordinary income, which represents real taxpaying ability.

 *  *  *  *  *  *  *

A somewhat different situation exists with respect to losses realized from the sale of securities held by the taxpayer for less than two years. These losses should properly be permitted only as an offset against gains from securities held for less than two years. But undue hardship under existing conditions should be avoided. Your committee believes that security gains and losses should be segregated, that security losses should be deducted solely from security gains; but that security gains should not be taxed until they actually exceed security losses. Accordingly, it is provided that an excess of the security losses in any year should be allowed, subject to certain necessary limitations, as a deduction against security gains in the subsequent year.

must also be concluded that the deduction is not allowable in the joint return any more than it would be in that individual's (the wife's) individual return. To conclude otherwise would be to give to an individual who reports income in a joint return the right to a deduction he would not be allowed if he filed his separate individual return. To conclude otherwise would be to disregard the limitation on allowable deductions imposed by section 23 (r).

Petitioner's counsel has made a carefully prepared argument which contends that the aggregate noncapital gain and loss of both spouses should be considered as a unit, so that section 23 (r) be construed, as we see it under the argument, to allow in a joint return the non-capital loss of one spouse if the other spouse realized a noncapital gain. In another manner of statement, the argument is that even though Alma C. Pierce, as an individual taxpayer, is not entitled to deduction for her noncapital loss, since she had no noncapital gains to the extent of which the loss could be allowed, nevertheless, the husband and wife constitute a tax computing unit under a joint return and there is present in that return an amount of noncapital gains larger than her losses, albeit her husband's gains, to provide the ground for allowing the claimed loss under section 23 (r). Thus the petitioner argues that where a joint return is filed, the husband and wife are treated as a single *tax computing unit* remaining nevertheless separate taxpayers. Petitioner refers to court decisions involving issues where consolidated returns of affiliated corporations are filed and where the courts recognize that where a consolidated return is filed for affiliated corporations, the consolidated return treats the several affiliated corporations as a tax computing unit but leaves the individual corporations as taxpayers, citing *Founders General Corporation* v. *Commissioner*, 79 Fed. (2d) 6; *Crocker First National Bank of San Francisco*, 26 B. T. A. 1078. The argument of petitioner's counsel is correct to support the proposition that where husband and wife file a joint return of their aggregate income, their aggregate allowable deductions are deducted to arrive at their aggregate net income for computing the tax. But that argument does not reach to the issue here.

Congress' intent, in enacting section 23 (r) was to protect the revenues from the growing practice of reducing tax liabilities by the sale of securities on which losses had accrued and to prevent speculative losses from wiping out ordinary income which represents real taxpaying ability. Section 23 (r) must therefore have been intended to impose a limit on *the individual taxpayer's* allowable losses. To fail to recognize that Alma C. Pierce had no individual noncapital gains to provide the grounds for her taking deduction for her non-

capital losses would result in not applying section 23 (r) as Congress intended it should be applied. It is not material to the issue to say that petitioners' income tax liability is to be determined on the basis of their aggregate net income. That is true, but their aggregate net income can not be computed by including a deduction from the aggregate income that is not allowable to *either* of the individual taxpayers. When petitioners reported a net gain of fifty-one thousand odd dollars, from sales of securities, they were not reporting a true net gain amount. They were reporting a net figure resulting from a deduction to which neither, individually, was entitled. This, in effect, allowed to the husband an offset of his wife's loss, not as the consequence of computing aggregate net income in a joint return resulting from an *allowable* deduction, but as a result of giving the wife a deduction based on the husband's gains.

The peculiarity of section 23 (r) is that the allowability of certain losses is dependent upon the existence of certain gains. To take the loss one must have a gain. Further, one may have the loss only to the extent of the gain and we believe one may have the loss only to the extent of *his own* gains.

It has been held that the net loss provisions of the statute relate only to the taxpayer sustaining the net loss. *Charles E. Van Vleck*, 31 B. T. A. 433; affd., 80 Fed. (2d) 217; certiorari denied, 298 U. S. 656; *Planter's Cotton Oil Co.* v. *Hopkins*, 53 Fed. (2d) 825; affd., 286 U. S. 332; *Woolford Realty Co.* v. *Rose*, 286 U. S. 319. We think that section 23 (r), which, of course, is a different provision of the revenue act, likewise relates only to the taxpayer, so that net losses sustained by *a taxpayer* from the sale of securities, which are not capital assets, shall be allowed only to the extent of that taxpayer's gains from such sales. It is noted that the language of the parenthetical clause in section 23 (r) refers to "a taxpayer" and it is reasonable to construe the entire section as referring to "a taxpayer." The parenthetical clause is a clause further explaining the term "gains" used before in the section.

It is, therefore, held that respondent correctly disallowed the deduction claimed.

Reviewed by the Board.

*Decision will be entered for the respondent.*