Asa R. Blish, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Docket No. 83241. Promulgated February 1, 1938.

*Asa R. Blish* pro se.
*F. L. Van Haaften, Esq.,* for the respondent.

### OPINION.

Tyson: The respondent determined a deficiency in income tax for the calendar year 1933 in the amount of $1,294.09. The determination is based upon (1) the disallowance of a bad debt in the amount of $300, of taxes paid on cigarettes in the amount of $43.80, and a reduction in the cost of maintaining an automobile for business purposes in the amount of $258.77; and (2) the inclusion in the income of petitioner of $200 as bond interest and $9,340.60 as profit from the sale of commodities.

The sole error assigned by petitioner is the inclusion in his income of the $9,340.60 profit from the sale of commodities, which amount, he alleges, should not have been so included, because of the fact that his losses during the same year from transactions in stocks more than equaled his gains from the purchase and sale of commodities. At the hearing and on brief, however, petitioner conceded that the gains from his transactions in commodities exceeded his losses from his transactions in stocks by $98.58.

The petitioner is an individual, residing in New York, and was not a dealer in securities, but was working for a salary during the taxable year. During the year 1933 he bought and sold, through Farroll Brothers, Chicago, Illinois, brokers, stocks and also commodity futures; that is to say, with regard to commodity futures, he purchased and sold contracts to accept and make future deliveries of grain. During that year he realized a gain of $9,340.60 on his transactions in commodity futures and incurred a loss of $9,242.02 on his transactions in stocks. He failed to report in his income tax return for 1933 either the gain from his transactions in commodity futures or the losses sustained on his transactions in stocks.

As stated, no error was assigned as to any of the items embraced in the deficiency notice, except as to the respondent's inclusion in

income of the profit from the sale of commodity futures, and no evidence was adduced at the hearing with regard to the other items. Consequently, the determination of respondent as to these other items is approved.

There then remains for consideration the sole question of whether or not the petitioner has the right to deduct from his gross income the loss on his sales of stock in the amount of $9,242.02, which is less than his gain of $9,340.60 on his purchases and sales of commodity futures, under section 23 (r) (1) of the Revenue Act of 1932, which reads as follows:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

*        *        *        *        *        *        *

(r) LIMITATION ON STOCK LOSSES.—

(1) Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations).

*        *        *        *        *        *        *

(t) DEFINITION OF STOCKS AND BONDS.—As used in subsections (r) and (s), the term "stocks and bonds" means (1) shares of stock in any corporation, or (2) rights to subscribe for or to receive such shares, or (3) bonds, debentures, notes, or certificates or other evidences of indebtedness, issued by any corporation (other than a government or political subdivision thereof), with interest coupons or in registered form, or (4) certificates of profit, or of interest in property or accumulations, in any investment trust or similar organization holding or dealing in any of the instruments mentioned or described in this subsection, regardless of whether or not such investment trust or similar organization constitutes a corporation within the meaning of this Act.

Petitioner contends that he is entitled to deduct his loss on sales of stocks from his gain on purchases and sales of commodity futures, on the ground that through various purchases of commodity futures he obligated himself by contract to make or accept future deliveries of grain, that through his various sales of those commodity futures he relieved himself of such obligations at a profit, and that those transactions constituted "the retirement of his own obligations" within the meaning of the last parenthetical clause of section 23 (r) (1), *supra.*

Pretermitting, because unnecessary to decision, consideration of the question of whether or not the kind or character of his obligations claimed to have been retired by petitioner was such as to bring them within the meaning of the last parenthetical clause of section 23 (r) (1), *supra*, it is nevertheless true that, whatever may have been their kind or character, it is not shown in this record that the obligations were retired at less than their face amount. This being true, no gain is shown to have been derived by petitioner from the retire-

ment of the obligations incurred in his commodity transactions within the purview of the last parenthetical clause, since that clause treats only of such gains as result from the retirement by a taxpayer of his own obligations at less than their face amount.

If aid is needed to support this interpretation of the meaning of the last parenthetical clause of section 23 (r) (1), *supra*, it is amply supplied by the legislative history of its incorporation in the Revenue Act of 1932. Prior to the passage of the Revenue Act of 1932 there was no provision in existing law corresponding to section 23 (r). When the enactment of section 23 (r) was under consideration by the Senate the parenthetical clause here discussed was inserted as an amendment thereto, except for the change hereinafter mentioned made by the Conference Committee.[1]

The amendment as adopted by the Senate was agreed to by the Conference Committee of the Senate and House, with the exception that the word "his" was inserted in lieu of the word "its" preceding the last two words in the parenthetical clause of "own obligations".[2] The parenthetical clause as so agreed to by the Conference Committee, was enacted into law and appears in the Revenue Act of 1932.

From the explanation of the purposes of the amendment as made on the floor of the Senate when it was adopted, it clearly appears that

---

[1] Mr. REED. Mr. President, I offer the amendment which I send to the desk.

The VICE PRESIDENT. The amendment will be stated.

The Chief Clerk. In the committee amendment, on page 32, following the word "exchanges," in line 13, * * * it is proposed to strike out the period and insert in parentheses as follows: "(including gains which may be derived by a taxpayer from the retirement of its own obligations.)"

\* \* \* \* \* \* \*

Mr. REED. Just a word in explanation.

The Finance Committee had decided, rather drastically, that the deduction of losses should be limited to the amount of gains in securities that the taxpayer realizes during the tax year. With that decision I make no quarrel. Last November, however, the Supreme Court of the United States decided, in the Kirby Lumber case, that where a corporation bought its own bonds at less than par, it realized a taxable profit. If that is a gain, as the Supreme Court has decided, it is only justice that it should be allowed to be considered as a gain in offsetting against losses in that year.

The amendment * * * simply provides that that gain may be taken into consideration in the same way that gains from dealing in somebody else's stocks or bonds are taken into consideration.

\* \* \* \* \* \* \*

The VICE PRESIDENT. The question is on agreeing to the amendment offered by the Senator from Pennsylvania to the amendment of the committee.

The amendment to the amendment was agreed to.

The amendment, as amended, was agreed to.

[Congressional Record, 72d Cong., 1st sess.—Senate (May 31, 1932), volume 75, part 10, p. 11631.]

[2] In lieu of the matter proposed to be inserted by the Senate amendment insert the following:

(r) LIMITATION ON STOCK LOSSES.—

(1) Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations).

\* \* \* \* \* \* \*

[Conference Report (H. R. 10236), Revenue Bill, 1932.]

it was intended and designed by Congress to meet the situation presented by the opinion in the case of *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, in which opinion it was held that the taxpayer had realized taxable gains through the retirement of its own obligations by the purchase thereof for an amount less than the amount of the obligations.

We conclude that the respondent properly included in petitioner's income his gain from purchases and sales of commodity futures and that there may not be allowed as a deduction, to the extent of any part of such gain, the amount of petitioner's loss on sales of stocks, since it was not shown that the gain was derived from "the retirement of his own obligations" within the meaning of section 23 (r) (1), *supra.* Accordingly, the respondent's determination is approved.

*Decision will be entered for the respondent.*