EDWARD J. WHITE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82663.   Promulgated June 24, 1938.

*A. L. Hodson, Esq.,* for the petitioner.
*Dean P. Kimball, Esq.,* for the respondent.

OPINION.

ARNOLD: The present issue is controlled by section 23 (e) as limited by 23 (r) of the Revenue Act of 1932, the pertinent portions of which are set out in the margin.[1] Section 23 (r) was enacted by Congress to protect the revenues from the growing practice of reducing tax liabilities by the sale of securities on which losses had accrued and to prevent speculative losses from wiping out ordinary income which represents real taxpaying ability. *H. Denny Pierce*, 37 B. T. A. 225. The *Pierce* case, in effect, holds that 23 (r) was enacted to prevent the class of speculative losses there mentioned (stocks and bonds) from wiping out income from other sources. The provisions of section 23 (r) first appear in the 1932 Act, and constitute a specific limitation upon losses otherwise allowable under subsection 23 (e). The peculiarity of 23 (r) is that the allowability of certain losses is dependent upon the existence of certain gains. *H. Denny Pierce, supra.*

The stipulated facts show that petitioner was a trader, as distinguished from a dealer; that all his transactions were solely for his own account for the profit to be derived from selling for a price in excess of cost; and that, for the purpose of enabling him to make purchases and sales, he maintained an office at 120 South LaSalle Street, Chicago, Illinois, and since 1921, including the year 1933, he has continuously kept and maintained at that office records and books of account in which were recorded all of said purchases and sales. It further appears that during the taxable year this petitioner, as a trader and not as a dealer, in several hundred separate transactions bought and sold futures in wheat, corn, rye, and oats, bids and offers representing 7,835,000 bushels of wheat and corn, eggs, United States Treasury bonds, silver bullion, and Canadian dollars; that his total purchases for the year of such commodities, futures, eggs, and silver amounted to $6,975,699.50 and that he realized a profit from the sale of such commodities and futures in the taxable year of $49,299.60; that the total cost of the United States Treasury bonds was $376,369, from the sale of which in the taxable year he realized a profit of $341.31; and that,

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

(e) LOSSES BY INDIVIDUALS.—Subject to the limitations provided in subsection (r) of this section, in the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) incurred in trade or business; \* \* \*

\* \* \* \* \* \*

(r) LIMITATION ON STOCK LOSSES.—(1) Losses from sales or exchanges of stocks and bonds \* \* \* which are not capital assets \* \* \* shall be allowed only to the extent of the gains from such sales or exchanges. \* \* \*

as a trader and not as a dealer, he bought in 227 separate transactions and sold in 210 separate transactions 187,050 shares of stocks and $50,-000 of bonds which were not capital assets. His total purchases for the year in securities amounted to $6,826,508.41 and he derived gains and sustained losses thereon, but his losses exceeded such gains by $80,792.82.

Upon the foregoing facts petitioner argues that as the total cost of all his purchases for the year 1933 amounted to more than his total receipts from all his sales he realized no income, but sustained a loss, and to apply section 23 (r) and limit his losses sustained in trading in stocks and bonds which are not capital assets to gains derived from that source denies him the use of cost as a basis for determining gain or loss and results in the creation of taxable income when no income in fact was realized. Petitioner contends, therefore, that 23 (r) as applied to his business is unconstitutional in that it taxes as income that which is not income, in violation of section 9, Article I, of the Constitution, and that section 23 (r) operates arbitrarily and capriciously and without foundation in fact to create taxable income, which results in a taking of his property without due process of law in violation of the Fifth Amendment to the Constitution.

In *Davis* v. *United States*, 87 Fed. (2d) 323; certiorari denied, 301 U. S. 704, the Second Circuit considered the same arguments with respect to the constitutionality of 23 (r) as the petitioner has raised in this proceeding. In sustaining the constitutionality of that section the court pointed out the distinction between *true income* and *taxable income* in the following language:

> * * * While the computation of income is made with due and necessary regard to periods of time, which are established years either calendar or fiscal, it cuts altogether too fine to say that true, and therefore taxable, income can only be ascertained by putting together all the profit and loss transactions of the period and determining net income accordingly regardless of the fact that they may in whole or in part be quite unrelated except for the time element and the fact that they were those of the same taxpayer. If, for instance, a separate and distinct transaction during the year results in a net realized gain to the taxpayer in and of itself, income which is taxed has been received, but Congress may, or may not, have allowed deductions which as a matter of computation will relieve that income in whole or in part from the taxation to which otherwise it would be subject. As the allowance of deductions working such a result is discretionary with Congress, net income for any taxable period need not necessarily be the same as net taxable income for that period, and the variation may be to the extent that Congress has seen fit either to allow, to limit, or to deny deductions within its control as a matter of grace. See *Brushaber* v. *Union Pacific R. Co.*, 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414 Ann. Cas. 1917B, 713; *Denman* v. *Slayton*, 282 U. S. 514, 51 S. Ct. 269, 75 L. Ed. 500; *Helvering* v. *Independent Life Ins. Co.*, 292 U. S. 371, 54 S. Ct. 758, 78 L. Ed. 1311.

> *      *      *      *      *      *      *

In considering whether section 23 (r) would adversely affect taxpayers in violation of the Fifth Amendment, the court pointed out

that Congress had a perfect right to confine deductions for speculative losses to the gains from speculative transactions without in any way restricting the deduction of losses from other transactions. The court's opinion states:

> Permitting deductions for losses from transactions which may often be but one form of gambling only to the extent of like gains is not a limitation which will result in taxing as income that which is not, and we think it otherwise well within the bounds of reasonable action by Congress to curtail the effect of such losses upon the national revenue. It has much latitude in that respect. Compare *Cohan* v. *Commissioner*, 39 Fed. (2d) 540 (C. C. A. 2) ; *Barclay & Co.* v. *Edwards*, 267 U. S. 442, 45 S. Ct. 135, 69 L. Ed. 703 ; *Denman* v. *Slayton*, supra ; *Brushaber* v. *Union Pacific R. Co.*, supra ; *Neuss, Hesslein & Co., Inc.* v. *Edwards*, 30 Fed. (2d) 620 (C. C. A. 2).

The *Davis* case, together with section 23 (r), establishes a classification which we may refer to as speculative losses in stocks and bonds. It should be noted that there is no corresponding limitation upon the deduction of other losses under section 23, and that there is no limitation upon speculative losses, other than those connected with transactions in stocks and bonds. Since it is clearly within the power of Congress to condition, limit, or deny the deduction of losses, *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435 ; *Helvering* v. *Independent Life Ins. Co.*, 292 U. S. 371, there can be no question that it may segregate from speculative losses generally the speculative losses which result from stock and bond transactions, and may deny the taxpayer the right to deduct such losses in excess of the gains resulting from like speculative transactions. See also *United States* v. *Hudson*, 299 U. S. 498, where the Supreme Court sustained the right of Congress to segregate the income or profit from particular transactions (under the Silver Purchase Act of June 19, 1934) and tax such gains separately without regard to losses that might be sustained.

This petitioner, however, asserts that the deduction he seeks is not a statutory deduction, but falls within the first classification of deductions made by the court in the *Davis* case, wherein the court speaks of taking from all receipts "certain necessary items like cost of property sold", and contends that the respondent's action denies him the right to deduct from gross receipts the cost of all items purchased by him in the conduct of his business. In other words petitioner denies that he can have income in any amount until he has recovered his aggregate cost, and his entire argument is based upon the proposition that the denial of the right to reduce gross receipts by aggregate cost creates income where none in fact exists and, therefore, makes the application of 23 (r) unconstitutional as to his business.

That portion of petitioner's argument relative to the denial of his right to use cost is answered in part by the court in the *Davis* case, *supra*, wherein it states that a net gain realized by a taxpayer from a separate and distinct transaction constitutes income that may, or

may not, be subject to tax depending upon whether the Congress has allowed deductions which as a matter of computation will relieve that income in whole or in part from taxation, and by the further statement that *"net income* for any taxable period need not necessarily be the same as *net taxable income* for that period, and the variation may be to the extent that Congress has seen fit either to allow, to limit, or to deny deductions within its control as a matter of grace." (Emphasis supplied.) The facts in this proceeding illustrate the truth of the court's observations. This petitioner as a matter of fact lost money upon the basis of his operations over the entire year, and if all his losses were deductible he could have no statutory net income. However, in the absence of a statutory right to reduce other income by losses from stock speculations, and in view of the specific limitation of 23 (r), petitioner's computation must show a statutory net income subject to tax.

Further answering the argument of petitioner, we can not agree that the Commissioner's determination denies him the right to use cost as a basis for the determination of gain or loss. The cost of his purchases necessarily had to be and was deducted from the sale price in order to arrive at the $80,792.82 by which it was stipulated his losses exceeded his gains in his stock and bond transactions; likewise, as to the amount of $49,299.60, by which it was stipulated he realized gains from his other trading activities. To treat the aggregate cost of all purchases as a single cost basis and deduct that amount from his aggregate receipts, as contended for by him, would contravene section 113. In effect it would allocate a portion of the cost of stocks to the cost of futures, commodities, or other property, in disregard of the actual cost of that property, and in plain disregard of the provisions covering that class of transactions which Congress is dealing with in section 23 (r). One other fact in connection with petitioner's computation of net income requires comment. In schedule A of his return petitioner has used inventories in computing his net loss. It should be noted that his entire net loss may have resulted from the use of inventories, since the difference between his inventory at the beginning of the year and his inventory at the end of the year amounts to $53,075. It is stipulated here that petitioner is a trader as distinguished from a dealer in securities. Article 105 of Regulations 77 permits the use of inventories in reflecting the true net income of *dealers in securities.* But taxpayers who buy and sell or hold securities for speculation, irrespective of whether such buying or selling constitutes the carrying on of a trade or business, are not considered *dealers in securities,* and are not entitled to the use of inventories. It does not appear from the facts herein the extent to which, if any, inventories have distorted petitioner's income, because the

basis upon which the inventories were taken does not appear. This, however, is immaterial since the petitioner, being a trader or speculator, is required to use cost as the basis for computing gain or loss on each transaction. Sec. 113, Revenue Act of 1932. See also *Seeley* v. *Helvering*, 77 Fed. (2d) 323; *Schafer* v. *Helvering*, 299 U. S. 171, affirming 32 B. T. A. 289.

Since petitioner's speculative losses in stocks and bonds exceeded his speculative gains from like transactions by $80,792.82, and since his speculative gains from transactions other than stocks and bonds amounted to only $49,640.91, his speculative losses in securities would wipe out his speculative profits from all other sources if it were not for the limitation contained in section 23 (r). Being specifically prohibited from deducting his speculative losses in securities from his other income, derived from any source whatever, the petitioner has sought to circumvent the statute by treating his business as a unit and by showing that over a year's operation he had no income because his gross receipts were exceeded by his aggregate cost. Thus he seeks to accomplish indirectly that which is specifically denied him by statute. In our opinion there has been no violation of petitioner's constitutional rights, and there has been no denial to him of his right to use the cost basis provided by section 113 in determining his gain or loss upon the disposition of any of his speculative purchases. Cf. *Asa R. Blish*, 37 B. T. A. 260; *Robert C. Winmill*, 35 B. T. A. 804; affirmed on this point, 93 Fed. (2d) 494; *Cohn* v. *United States* (Ct. Cls.), 23 Fed. Supp. 534.

*Decision will be entered for the respondent.*