## WILSON MILLING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12611.

Circuit Court of Appeals, Eighth Circuit.

Oct. 18, 1943.

Writ of Certiorari Denied Jan. 3, 1944.

See 64 S.Ct. 430.

250

Scott P. Crampton, of Washington, D. C. (Geo. E. H. Goodner, of Washington, D. C., on the brief), for petitioner.

F. E. Youngman, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before SANBORN and RIDDICK, Circuit Judges, and DELEHANT, District Judge.

SANBORN, Circuit Judge.

The question for decision is whether the petitioner is liable for an unjust enrichment tax, under § 501(a) (2) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts page 944, upon reimbursements received by the petitioner in 1937 from vendors of flour purchased by it in 1935. The Commissioner of Internal Revenue and the Tax Court of the United States have determined that the petitioner is liable for the tax. 1 T.C. 389.

In 1935 the petitioner was engaged in the milling of corn and the purchase of flour from millers and the reselling of it to retail grocers. Its business was unsuccessful. It ceased operations in 1936, and closed its business in 1937. During 1937 it received from two of its vendors $3,794.92 as reimbursements on account of flour purchased from them in 1935. The reimbursements were made by the vendors with respect to flour delivered under contracts which contained the following provisions: "Taxes: The price named in this contract includes all taxes as at the date hereof proclaimed by the Secretary of Agriculture by virtue of the authority vested in him by the Agricultural Adjustment Act of the United States. * * * if any tax in-cluded in the price hereof shall be decreased or abated, then, in that event, said decrease or abatement shall be deducted from the price hereof." The contracts were for the delivery of a specified number of barrels of flour at a specified price per barrel. No separate charge was made by the vendors for processing tax, but the price per barrel for each barrel on which the petitioner received reimbursements included the processing tax on wheat. The flour which the petitioner purchased in 1935 was sold by it at so much a barrel. The cost price used by the petitioner in determining its selling price was the price it had paid to its vendors. In selling its flour, no separate charge for processing tax was set out in the invoice or charged on its books against its customers. The flour was not sold by the petitioner pursuant to written contracts. It collected from its customers only the invoice price. The petitioner did not receive enough from the sales of its flour and other products to cover its costs and the expenses of operating its business. On January 6, 1936, the Agricultural Adjustment Act, 48 Stat. 31, 7 U.S.C.A. § 601 et seq., was declared invalid. United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. In its income tax returns for the years 1935, 1936, and 1937, the petitioner reported net losses in the respective amounts of $11,436.81, $4,554.40, and $8,677.06. For the year 1937 it made an unjust enrichment tax return, but reported no tax. The Commissioner assessed a deficiency of $3,035.94, and, upon review, the Tax Court affirmed the Commissioner.

The applicable statute is Title III of the Revenue Act of 1936, c. 690, 49 Stat. 1734,[1] 26 U.S.C.A. Int.Rev.Acts, page 944

---

[1] The pertinent provisions are as follows (49 Stat. 1734, 1738):

"§ 501. Tax on Net Income from Certain Sources.

"(a) The following taxes shall be levied, collected, and paid for each taxable year (in addition to any other tax on net income), upon the net income of every person which arises from the sources specified below:

*    *    *    *

"(2) A tax equal to 80 per centum of the net income from reimbursement received by such person from his vendors of amounts representing Federal excise-tax burdens included in prices paid by such person to such vendors, to the extent that such net income does not exceed the amount of such Federal excise-tax burden which such person in turn shifted to his vendees.

*    *    *    *

"(l) The taxes imposed by subsection (a) shall be imposed on the net income from the sources specified therein, regardless of any loss arising from the other transactions of the taxpayer, and regardless of whether the taxpayer had a taxable net income (under the income-tax provisions of the applicable Revenue Act) for the taxable year as a whole; except that if such application of the tax imposed by subsection (a) is held invalid, the tax under subsection (a) shall apply to that portion of the taxpayer's entire net income for the taxable year which is attributable to the net income from the sources specified in such subsection."

et seq. There can be no doubt that Congress, in enacting this statute, intended that a tax of 80% of the net amount received by a taxpayer such as the petitioner by way of reimbursement for processing taxes included in prices paid for flour, should be imposed "regardless of any loss arising from the other transactions of the taxpayer, and regardless of whether the taxpayer had a taxable net income." The statute segregated such a reimbursement from other income and imposed a special tax upon it, obviously upon the theory that it was in the nature of an ill-gotten gain, a windfall, or an unjust enrichment, which was essentially different from ordinary income derived from the usual conduct of the taxpayer's business.

Certainly, if the statute is to be accorded its plain meaning, the petitioner owes the tax which was assessed against it. But it argues: (1) That the reimbursements were not income received in 1937, and were either reductions in the price of flour purchased in 1935 or nontaxable gifts made in 1937; (2) that the reimbursements could not be income in 1937, since the petitioner had no net income in that year; and (3) that Title III of the Revenue Act of 1936 is invalid in so far as it purports to tax reimbursements under § 501(a) (2) thereof when a taxpayer has no net income.

■ The first of these arguments, we think, ignores the realities. In 1935 the petitioner's vendors collected from the petitioner, as a part of the price of flour, the processing taxes paid by them upon wheat. The petitioner, by basing its selling price upon a cost price which included processing taxes, passed the burden of the taxes to its customers. That the taxes included in the prices for which the petitioner bought and sold flour were not treated or billed as separate items, is of no legal significance. Sportwear Hosiery Mills v. Commissioner, 3 Cir., 129 F.2d 376, 381, 382. It is not important whether the vendors who reimbursed the petitioner in 1937 were legally obligated to do so or not. Id., page 382 of 129 F.2d. The important fact is that they did reimburse the petitioner, and that the reimbursements were exactly the sort of reimbursements which Congress intended to, and did, subject to a tax of 80%. They were, obviously, not gifts or returns of capital, and were taxable as income for the year 1937 regardless of whether the petitioner was on a cash or an accrual basis. Sportwear Hosiery Mills v. Commissioner, supra, 129 F.2d 376, 383; Ben Bimberg & Co., Inc., v. Helvering, 2 Cir., 126 F.2d 412, certiorari denied 317 U.S. 641, 63 S.Ct. 32, 87 L.Ed. ——.

■ A ruling that because in 1937 the petitioner had no net income taxable under Title I of the Revenue Act of 1936, 26 U. S.C.A. Int.Rev.Acts, p. 819, it was relieved from the payment of the unjust enrichment tax, would be contrary to the plain wording of Title III of that Act.

■ But the petitioner asserts that Congress was without power to impose an unjust enrichment tax upon a person in a year when his operations as a whole resulted in a loss, which is to say, in effect, that Congress, in such a situation, may not segregate a particular type of income and impose a special tax upon it. The Supreme Court, however, has held that Congress may enact a special income tax act and "impose an increased or additional tax" upon certain profits, although they are also taxable under the general income tax law. United States v. Hudson, 299 U.S. 498, 500, 57 S.Ct. 309, 310, 81 L.Ed. 370. While the constitutionality of the unjust enrichment tax has been upheld (White Packing Co. v. Robertson, 4 Cir., 89 F.2d 775, 778–781; Kingan & Co., Inc., v. Smith, D.C., 17 F.Supp. 217; Louisville Provision Co. v. Glenn, D.C., 18 F.Supp. 423), apparently the exact question presented by the petitioner here has not been ruled upon. It seems to have been raised in Greenwood Packing Plant v. Commissioner, 4 Cir., 131 F.2d 815, 817, but was withdrawn. It is our opinion that, since Congress may impose an additional tax upon a particular type of income received by a taxpayer, it may do so regardless of whether or not his operations as a whole for the entire taxable year result in a profit taxable under the provisions of the general income tax law.

Our conclusion is that the reimbursements received by the petitioner in the year 1937 were income for that year and that the petitioner was liable for the unjust enrichment tax. The decision of the Tax Court is affirmed.