**GARRETT v. DISTRICT OF COLUMBIA**
(two cases).

Nos. 9275, 9276.

United States Court of Appeals

District of Columbia.

Argued Nov. 15, 1946.

Decided Dec. 23, 1946.
Writ of Certiorari Denied March 10, 1947.
See 67 S.Ct. 971.

Mr. Ewing Laporte, of Washington, D. C., for petitioners.

Mr. Harry L. Walker, Assistant Corporation Counsel, of Washington, D. C. with whom Messrs. Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, both of Washington, D. C., were on the brief, for respondent.

Before GRONER, Chief Justice, and EDGERTON and WILBUR K. MILLER, Associate Justices.

EDGERTON, Associate Justice.

■ Petitioners complain of the assessment of a District of Columbia income tax on gains which they derived from sales of securities. Since the securities had been held less than two years the assessment is clearly correct. Section 6(b) of the District of Columbia income tax law provides that gain or loss from "sale or exchange of property other than a capital asset shall be treated in the same manner as other income or deductible losses." 53 Stat. 1091, § 6(b), D.C.Code, 1940, § 47-1506(b). Section 6(a) defines capital assets as property, other than stock in trade etc., held by the taxpayer for *more* than two years, and excludes gain or loss from sale or exchange of such assets from computation of net income for tax purposes.

■ Petitioners contend (1) that the limitation of capital assets, for tax purposes, to property held more than two years is unreasonable, and (2) that § 6(a) is therefore invalid. It is immaterial whether the conclusion (2) would follow if the premise (1) were sound, for the premise is not sound. The apparent purpose of Congress was to distinguish, for tax purposes, between investment and speculation. We cannot say that this is an unreasonable purpose, or that the minimum period of two years has no tendency to promote it, or even that a different minimum period would promote it more effectively. "It is common knowledge that stocks and bonds held for more than two years are more likely to have been acquired for investment than those turned over sooner * * *." Davis v. United States, 2 Cir., 87 F.2d 323, 325. What minimum period or periods, if any, should be selected as critical is a matter of legislative policy with which courts have nothing to do. Cf. Internal Revenue Code § 117(b), 53 Stat. 51, 56 Stat. 843, 26 U.S.C.A. Int.Rev.Code, § 117(b). Petitioners argue that since Congress might as well have adopted a longer or shorter period, the period which Congress did adopt is

unreasonable and invalid. If this argument were sound it would follow that all statutes of limitations would be invalid, for no particular period of limitations is clearly preferable to a longer or shorter one. Section 6(a) is clearly valid. We need not consider whether petitioners' gains would not still be properly taxed even if this section were invalid.

Affirmed.