T.C. Memo. 2006-77

UNITED STATES TAX COURT

KENNETH DAVID PERRY AND LINDA RUTH PERRY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 619-04, 18226-04.          Filed April 18, 2006.

     Ps' claimed net capital losses were disallowed to the
extent they exceeded $3,000, on authority of sec. 1211(b),
I.R.C. 1986.

     <u>Held</u>:  This limitation does not prevent the taxes
imposed by secs. 1 and 55, I.R.C. 1986, from being taxes on
income within the meaning of the Sixteenth Amendment to the
Constitution.

Kenneth David Perry and Linda Ruth Perry, pro sese.

<u>Roger W. Bracken</u>, for respondent.

MEMORANDUM OPINION

CHABOT, <u>Judge</u>:  Respondent determined deficiencies in
individual income tax against petitioners in the amounts of

$2,465 for 2001 and $21,233.37 for 2003.[1]  On their 2003 income tax return, petitioners claimed a $14,543.74 refund on account of excess withholding.  Respondent acknowledged the prepayment, but withheld refund or credit of this amount.  On brief, petitioners renew their claim for refund.

After concessions by petitioners, the issue for decision is whether the $3,000 capital loss allowance limitation of section 1211(b) keeps the sections 1 and 55 taxes from being taxes on income, within the meaning of the Sixteenth Amendment to the Constitution.[2]

## Background

The instant cases were consolidated for trial, briefing, and opinion.  They were submitted fully stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference.

When the petitions were filed in the instant cases,

---

[1] $252 of the 2003 determined deficiency is alternative minimum tax under section 55; the remaining amount for 2003 and the entire amount for 2001 are section 1 income tax.

Unless indicated otherwise, all section and subtitle references are to sections and subtitles of the Internal Revenue Code of 1986 as in effect for the years in issue.

[2] Initially, petitioners also disputed whether the Congress intended the $3,000 limitation to apply to real economic losses. However, on reply brief, petitioners specifically abandon the Congressional intent issue and ask us to determine only "whether Congress exceeded its power granted in Amendment XVI of the US Constitution."  See infra note 4.

petitioners resided in Fairfax, Virginia.

Table 1 shows selected items from petitioners' timely filed income tax returns (Forms 1040) for 2001 and 2003.

Table 1

| Item--Line on 2001 (2003) Form 1040 | | | 2001 | 2003 |
|---|---|---|---|---|
| 7. | (7) | Wages | $253,598.43 | $267,398.35 |
| 8a. | (8a) | Taxable interest | 226.05 | 154.35 |
| 9. | (9a) | Ordinary dividends | 217.85 | 189.11 |
| 13. | (13a) | Capital gain or (loss) | (9,256.63) | (60,641.96) |
| 33. | (34) | Adjusted gross income | 244,785.70 | 207,099.85 |
| 39. | (40) | Taxable income | 221,055.33 | 179,709.47 |
| 58. | (60) | Total tax | 61,222.00 | 40,749.63 |
| 59. | (61) | Withholding | 57,196.78 | 55,293.37 |
| 70. | | Amount owed | 4,025.22 | |
| (70a) | | Overpayment to be refunded | | 14,543.74 |

In 2001, petitioners realized and recognized a long-term capital loss in the amount of $9,256.63, as they claimed on their 2001 tax return.[3]  In 2003, petitioners realized and recognized a net long-term capital loss of $60,641.96, as they claimed on their 2003 tax return.

In the notice of deficiency for each year, respondent disallowed the claimed capital loss deduction for that year to the extent the loss exceeded $3,000, and also made consequential adjustments to itemized deductions and (for 2003) personal exemption deductions.  Also, the 2003 adjustments resulted in a

_____

[3] The parties' stipulation that the loss was 1 cent less than our finding is evidently a typographical error, as shown by their stipulations as to petitioners' proceeds and adjusted basis.

determination of a $252 alternative minimum tax. Petitioners do not contest the mathematical correctness of respondent's computations.

## Discussion

1. The Parties' Contentions

Respondent maintains that the Sixteenth Amendment to the United States Constitution "permits Congress to impose 'taxes on incomes, from whatever source derived'." Further, "Congress, within its sole discretion, may determine the extent to which, if at all, taxpayers may claim deductions from income they are required to report." Finally, respondent contends--

> Petitioners have not shown, however, as they
> must, that sections 165(f) and 1211(b)
> violate constitutional guarantees of due
> process and equal protection or breach the
> authority granted to the Congress pursuant to
> the Sixteenth Amendment to the Constitution.

Petitioners respond that respondent's references to deductions miss the point that "a capital loss is an income item. A capital loss is not a deductible expense item." By disallowing that part of the loss that exceeds $3,000, petitioners contend, respondent is taxing petitioners on "income that does not exist. Petitioners believe that Section 1211(b) violates the power granted Congress in the Sixteenth Amendment, and if the Court agrees, it should rule accordingly."

2. Summary and Conclusion

The Constitution does not require all income items to be

treated identically.  Capital gains and losses are treated differently from other income items in several respects, generally more favorably than most other income items.  The section 1211(b) limitation does not cause the sections 1 and 55 taxes to fall outside the sweep of the Sixteenth Amendment.

We agree with respondent's conclusion.

3.  Analysis

Article I, section 8, of the U.S. Constitution gives to the Congress the "Power To lay and collect Taxes".  Under sections 2 (cl. 3) and 9 (cl. 4) of article I, "direct" taxes must be apportioned among the States in proportion to census populations.  The Sixteenth Amendment has the effect of overriding the direct-tax-apportionment requirement with respect to "taxes on incomes, from whatever source derived".[4]  Section 61 provides as follows:

---

[4] Thus, the Sixteenth Amendment is properly a limited removal of a limited restriction on the Congress's broad power to tax income; the Sixteenth Amendment is not the source of the power to tax income.  See, e.g., Eisner v. Macomber, 252 U.S. 189, 205-206 (1920); Simmons v. United States, 308 F.2d 160, 166 n.21 (4th Cir. 1962); Penn Mutual Indemnity Co. v. Commissioner, 32 T.C. 653, 659-666 (1959), affd. 277 F.2d 16, 19-20 (3d Cir. 1960).  As a result, even if a tax does not qualify as an income tax, that merely leads to whether the tax in question is a "direct" tax; if the tax in question is not a direct tax, then the tax in question still does not have to be apportioned.

Petitioners contend they should be allowed to deduct the entire amounts of their realized and recognized capital losses, in accordance with their tax returns.  For petitioners to prevail, they might have to persuade us of all the following: (1) The limitation of section 1211(b) causes the sections 1 and 55 taxes to not be income taxes under the Sixteenth Amendment;

(continued...)

SEC. 61. GROSS INCOME DEFINED.

(a) General Definition.--Except as otherwise provided in this subtitle, [subtitle A, relating to income taxes] gross income means all income from whatever source derived, including (but not limited to) the following items:

(1) Compensation for services, including fees, commissions, fringe benefits, and similar items;

(2) Gross income derived from business;

(3) Gains derived from dealings in property;

(4) Interest;

(5) Rents;

(6) Royalties;

(7) Dividends;

(8) Alimony and separate maintenance payments;

(9) Annuities;

(10) Income from life insurance and endowment contracts;

(11) Pensions;

(12) Income from discharge of indebtedness;

(13) Distributive share of partnership gross income;

(14) Income in respect of a decedent; and

(15) Income from an interest in an estate or trust.

(b) Cross References.--

For items specifically included in gross income, see part II (sec. 71 and following). For

---

[4](...continued)
(2) the sections 1 and 55 taxes as limited by section 1211(b) constitute direct taxes that must be apportioned; and (3) full deductibility of capital losses is the preferred way to save the entire income tax from invalidation.

Because we hold that petitioners have failed to persuade us as to the first of these three items, we do not explore the second and third items.

> items specifically excluded from gross income,
> see part III (sec. 101 and following).

A.  Different Categories of Income

Nothing in the text of the constitutional provisions requires all income categories to be treated identically, or requires all income categories to be added together or offset, in the case of losses in one or more categories.

United States v. Hudson, 299 U.S. 498 (1937), was a suit for refund of a 50-percent tax imposed on profits from transfers of interests in silver bullion.  In the course of the Supreme Court's analysis, the Court held that this was an income tax and further held as follows (299 U.S. at 500):

> It is not material that such profit is
> taxed, along with other gains, under the
> general income tax law, for Congress has
> power to impose an increased or additional
> tax if satisfied there is need therefor.
> Patton v. Brady, 184 U.S. 608, 620-622.

Wilson Milling Co. v. Commissioner, 138 F.2d 249 (8th Cir. 1943), affg. 1 T.C. 389 (1943), involved an "unjust enrichment tax" imposed by the Revenue Act of 1934, ch. 277, 48 Stat. 680. The Circuit Court of Appeals dealt with the taxpayer's constitutional challenge as follows (138 F.2d at 251):

> But the petitioner asserts that Congress
> was without power to impose an unjust
> enrichment tax upon a person in a year when
> his operations as a whole resulted in a loss,
> which is to say, in effect, that Congress, in
> such a situation, may not segregate a
> particular type of income and impose a
> special tax upon it.  The Supreme Court,

however, has held that Congress may enact a special income tax act and "impose an increased or additional tax" upon certain profits, although they are also taxable under the general income tax law.  United States v. Hudson, 299 U.S. 498, 500 * * *.  It is our opinion that, since Congress may impose an additional tax upon a particular type of income received by a taxpayer, it may do so regardless of whether or not his operations as a whole for the entire taxable year result in a profit taxable under the provisions of the general income tax law.  * * *

Consistent with the foregoing, under present law many categories of income are treated differently from other types of income.  For example, wages (sec. 61(a)(1)) received with respect to most kinds of employment are subject to taxes under section 3101 (F.I.C.A. taxes), in addition to the section 1 taxes on income.  Self-employment income (sec. 61(a)(2)) is subject to taxes under section 1401 (self-employment taxes), in addition to the section 1 taxes on income.  Premature distributions from certain types of annuities (sec. 61(a)(9)) and retirement arrangements (sec. 61(a)(11)) are subject to additional taxes under several subsections of section 72.  In each of these instances, the base of the specially taxed category of income is not reduced by losses from other categories of income.

B.  Capital Gains and Losses

Section 1 imposes income taxes on individuals.  Over the years, section 1(h) has provided limitations of various sorts on

the income tax as applied to net capital gains (see sec.

61(a)(3)), such that the marginal tax rates on net capital gains

ordinarily are less than the marginal tax rates on other types of

income.  More recently, section 1(h)(11) has provided similar

beneficial treatment to "qualified dividend income".  See sec.

61(a)(7).

Section 165[5] provides generally for the treatment of losses

---

[5] Section 165 provides in pertinent part as follows:

SEC. 165. LOSSES.
    (a) General Rule.--There shall be
allowed as a deduction any loss
sustained during the taxable year
and not compensated for by
insurance or otherwise.

    *     *     *     *     *     *     *

    (c)  Limitation on Losses of
Individuals.--In the case of an
individual, the deduction under
subsection (a) shall be limited
to--
        (1) losses incurred in a
trade or business;
        (2) losses incurred in
any transaction entered into
for profit, though not
connected with a trade or
business; and

    *     *     *     *     *     *     *

    (f) Capital Losses.--Losses from
sales or exchanges of capital
assets shall be allowed only to the
extent allowed in sections 1211 and
1212.

in determining the base for the section 1 income tax.  Section 165 limits the allowance of capital losses to what is allowed in sections 1211 and 1212.

Section 1211(b) allows, for individuals, capital losses only to the extent of capital gains, plus no more than $3,000.[6]

Section 1211(a) provides a much more limited capital loss allowance for corporations.  Section 1212 provides for capital loss carrybacks and carryovers; those rules are in general more generous to corporations than to individuals.  Respondent noted petitioners' eligibility for capital loss carryovers treatment; petitioners do not claim eligibility for carryback treatment.

As a result of the foregoing, although capital gains and losses are thrown into the mix of income categories that result

---

[6] Section 1211(b) provides as follows:

> SEC. 1211. LIMITATION ON CAPITAL LOSSES.
>
> *    *    *    *    *    *    *
>
> (b) Other Taxpayers.--In the case of a taxpayer other than a corporation, losses from sales or exchanges of capital assets shall be allowed only to the extent of the gains from such sales or exchanges, plus (if such losses exceed such gains) the lower of--
> (1) $3,000 ($1,500 in the case of a married individual filing a a separate return), or
> (2) the excess of such losses over such gains.

in "taxable income", for many purposes capital gains and losses are treated differently from other categories of income.

It is apparent from the foregoing that over the decades the Congress has chosen to treat capital gains and losses differently from other categories of income; this category of income has been only partially integrated into the section 1 ground rules.

C. "Income That Does Not Exist"

Petitioners claim that the effect of the $3,000 loss limitation is to tax them on "income that does not exist." They are mistaken. Petitioners are being taxed under section 1 only on the aggregate of the other categories of income that they in fact realized, recognized, and reported--their income that does exist. Supra table 1.

The tax treatment of capital losses has varied over the years. As discussed in Davis v. United States, 87 F.2d 323 (2d Cir. 1937), section 23(r) of the Revenue Act of 1932, ch. 209, 47 Stat. 169, 183, allowed losses from the sale or exchange of stocks and bonds held for less than 2 years only to the extent of gains from the sale of such securities. The taxpayer in Davis had $13,285 of what we now would call short-term capital losses, which was greater than the amount of his net taxable income. 87 F.2d at 324. The taxpayer contended that, as a result, he did not have net income for the taxable year, so that his "net taxable income" was not income, and thus the tax on his net

taxable income was not a Sixteenth Amendment-permitted income tax.  87 F.2d at 324-325.

The Circuit Court of Appeals analyzed the situation as follows (87 F.2d at 325):

> While the computation of income is made with due and necessary regard to periods of time, which are established years either calendar or fiscal, it cuts altogether too fine to say that true, and therefore taxable, income can only be ascertained by putting together all the profit and loss transactions of the period and determining net income accordingly regardless of the fact that they may in whole or in part be quite unrelated except for the time element and the fact that they were those of the same taxpayer.  If, for instance, a separate and distinct transaction during the year results in a net realized gain to the taxpayer in and of itself, income which is taxed has been received, but Congress may, or may not, have allowed deductions which as a matter of computation will relieve that income in whole or in part from the taxation to which otherwise it would be subject.  * * *

Accordingly, the Circuit Court of Appeals upheld the constitutionality of the section 23(r) limitation.

To the same effect is White v. Commissioner, 37 B.T.A. 1106 (1938).  The taxpayer sustained a net loss in his securities trading.  37 B.T.A. at 1109.  After discussing Davis v. United States, supra, we stated in White as follows (37 B.T.A. at 1110-1111):

> This petitioner, however, asserts that the deduction he seeks is not a statutory deduction, but falls within the first classification of deductions made by the

court in the <u>Davis</u> case, wherein the court speaks of taking from all receipts "certain necessary items like cost of property sold", and contends that the respondent's action denies him the right to deduct from gross receipts the cost of all items purchased by him in the conduct of his business.  In other words petitioner denies that he can have income in any amount until he has recovered his aggregate cost, and his entire argument is based upon the proposition that the denial of the right to reduce gross receipts by aggregate cost creates income where none in fact exists and, therefore, makes the application of 23(r) unconstitutional as to his business.

That portion of petitioner's argument relative to the denial of his right to use cost is answered in part by the court in the <u>Davis</u> case, <u>supra</u>, wherein it states that a net gain realized by a taxpayer from a separate and distinct transaction constitutes income that may, or may not, be subject to tax depending upon whether the Congress has allowed deductions which as a matter of computation will relieve that income in whole or in part from taxation, and by the further statement that "<u>net</u> <u>income</u> for any taxable period need not necessarily be the same as <u>net</u> <u>taxable</u> <u>income</u> for that period, and the variation may be to the extent that Congress has seen fit either to allow, to limit, or to deny deductions within its control as a matter of grace."  (Emphasis supplied.)  The facts in this proceeding illustrate the truth of the court's observations.  This petitioner as a matter of fact lost money upon the basis of his operations over the entire year, and if all his losses were deductible he could have no statutory net income.  However, in the absence of a statutory right to reduce other income by losses from stock speculations, and in view of the specific limitation of 23(r), petitioner's computation must show a statutory net income subject to tax.  * * *

The foregoing disposes of all of petitioners' contentions,

including the asserted constitutional distinction between a "capital loss" and "a deductible expense item."

Our analysis has dealt with the tax imposed by section 1. The same analysis applies to the section 55 alternative minimum tax, which is part of the 2003 determined deficiency, and which was not separately argued by the parties.

Petitioners do not contend that the $3,000 limitation of section 1211(b) is unconstitutional for any other reason, including constitutional guarantees of due process and equal protection. We do not decide theoretically possible constitutional questions unless they are properly presented and must be resolved in order to decide the case before us. Kessler v. Commissioner, 87 T.C. 1285, 1293-1294 (1986) (and cases there cited), affd. without published opinion. 838 F.2d 1215 (6th Cir. 1988).

In light of the foregoing,

Decisions will be entered

for respondent.