DENMAN, ADMINISTRATOR OF THE ESTATE OF CHARLES H. NAUTS, COLLECTOR OF INTERNAL REVENUE, v. SLAYTON.

No. 60. Argued January 20, 1931.—Decided February 24, 1931.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher* and *Messrs. Claude R. Branch, J. Louis Monarch* and *Morton Poe Fisher,* Special Assistants to the Attorney General, *Clarence M. Charest,* General Counsel, Bureau of Internal Revenue, and *T. H. Lewis Jr.,* Special Attorney, were on the brief, for petitioner.

516

*Mr. Thomas O. Marlar,* with whom *Mr. E. J. Marshall* was on the brief, for respondent.

Mr. Justice McReynolds delivered the opinion of the Court.

During the year 1922, while respondent Slayton engaged in the business of buying, carrying and selling tax-exempt municipal bonds, he collected $65,720.06 as interest on securities of that character which he owned. He paid out $78,153.84 for interest on money borrowed by himself in due course for the purpose of purchasing and carrying exempt securities. In his return showing income received during that year he excluded the interest so collected; and he claimed deduction for the interest paid out on the borrowed money. The Commissioner disallowed the deduction and made a corresponding addi-

tional assessment. Respondent paid the sum demanded thereunder and, after proper preliminary action, sued to recover it.

Determination of the question involved must turn upon the validity, construction and effect of Sections 213 and 214, Revenue Act of 1921, 42 Stat. 227, 237. 238, 239. Their pertinent provisions follow.

"Sec. 213. That for the purposes of this title . . . the term ' gross income '— . . .

"(b). Does not include the following items, which shall be exempt from taxation under this title: . . . .

"(4) Interest upon (a) the obligations of a State, Territory, or any political subdivision thereof, or the District of Columbia; . . . .

"Sec. 214 (a). That in computing net income there shall be allowed as deductions: . . . .

"(2) All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this title; . . . "

By original petition in the District Court, Northern District of Ohio, Slayton asserted that the exception found in paragraph (2), § 214 (a), conflicts with the Federal Constitution in that by necessary operation it causes discrimination against the owners of non-taxable securities and nullifies their immunity from taxation. Also that the act is discriminatory and unconstitutional in that necessary expenses incident to all other kinds of business, including interest paid for purchasing and carrying merchandise and inventories, are allowed as part of the operating cost, whereas deduction of interest paid by plaintiff upon funds borrowed to carry non-taxable securities (an ordinary operating expense) is prohibited. Also

that the act is arbitrary and unconstitutional because it discriminates against plaintiff, whose resources do not permit him to purchase tax-free securities for cash, and in favor of those whose resources permit them to purchase and carry such securities without borrowing.

The Collector unsuccessfully demurred to the petition upon the ground that it states no cause of action. Judgment went for the plaintiff and was affirmed by the Circuit Court of Appeals. Both courts were of opinion that, under the doctrine announced in *National Life Ins. Co.* v. *United States,* 277 U. S. 508, enforcement of paragraph (2), § 214 (a), would deprive respondent of rights guaranteed by the Federal Constitution.

The challenged judgment must be reversed. The case will be remanded to the District Court with instructions to enter judgment for the Collector.

The circumstances disclosed in *National Life Ins. Co.* v. *United States* were radically different from those now presented, and the doctrine upon which that cause turned does not control the present one. The respondent here was not in effect required to pay more upon his taxable receipts than was demanded of others who enjoyed like incomes solely because he was the recipient of interest from tax-free securities—a result which we found would have followed enforcement of the literal provisions of § 245 (a), Revenue Act 1921, 42 Stat. 227, 261. While guaranteed exemptions must be strictly observed, this obligation is not inconsistent with reasonable classification designed to subject all to the payment of their just share of a burden fairly imposed.

The manifest purpose of the exception in paragraph 2, § 214 (a), was to prevent the escape from taxation of income properly subject thereto by the purchase of exempt securities with borrowed money.

Under the theory of the respondent, "A," with an income of $10,000 arising from non-exempt securities, by

the simple expedient of purchasing exempt ones with borrowed funds and paying $10,000 interest thereon, would escape all taxation upon receipts from both sources. It was proper to make provision to prevent such a possibility. The classification complained of is not arbitrary, makes no improper discrimination, does not result in defeating any guaranteed exemption, and was within the power of Congress. The fact that respondent engaged in the business of buying and selling is not important. See *Willcuts* v. *Bunn, ante,* p. 216.

*Reversed.*