## PHILADELPHIA FIRE & MARINE INS. CO. v. UNITED STATES.

### No. M–390.

Court of Claims.
May 29, 1933.

656

James Craig Peacock, of Washington, D. C. (John W. Townsend, of Washington, D. C., on the brief), for plaintiff.

Lisle A. Smith and E. H. Horton, both of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The computation of the amount of the net loss for 1926 which was allowed by the defendant as a deduction from plaintiff's income for 1927 was in accordance with the provisions of section 206 of the Revenue Act of 1926 (26 USCA § 937), and this is not questioned, but plaintiff contends that the entire loss for 1926 of $92,447.31, representing the excess of allowable deductions over its taxable gross income, was deductible from net income for 1927 and that the provisions of section 206 (a) (5) of the 1926 act (26 USCA § 937 (a) (5), which requires that such loss be reduced by the amount of interest received free from tax, is unconstitutional and void under the rule laid down in National

Life Insurance Co. v. United States, 277 U. S. 508, 48 S. Ct. 591, 72 L. Ed. 968, and in Denman v. Slayton, 282 U. S. 514, 51 S. Ct. 269, 75 L. Ed. 500. It is insisted that the tax of $2,391.03 collected for 1927 results alone from the fact that plaintiff received $33,250 from tax-free securities and that it was subjected to greater burdens on its taxable income for 1927 solely because it owned certain income that was exempt from tax. We think section 206 (a) (5) is constitutional. We fail to see the parallel between the question presented in this case and that decided in National Life Insurance Co. v. United States, supra, and in Denman v. Slayton, supra. The tax-exempt interest received in 1926 by plaintiff in this case has never been subjected to tax. Had Congress been so minded, it could have required plaintiff to pay a tax upon its entire net income of $80,491.91 for 1927 and, had it done so, the plaintiff could not complain.

Under our system of taxation each taxable year stands alone and the deduction of the whole or any part of a loss of one taxable year from the net income of another taxable year is wholly within the discretion of Congress and it may constitutionally place any limitation it desires upon such deduction. In providing for the deduction allowable under section 206 (a) it was within the constitutional power of Congress to classify according to the fact and to limit the deduction therein provided to those taxpayers who actually sustained operating losses, notwithstanding that in the determination of the fact income exempt from taxation is to be considered. This rule has been followed by the board in a number of cases upholding the constitutionality of section 206 (a) (5). In Warren Steam Pump Company, 23 B. T. A. 585, the board said: "Taxable income as defined in the several revenue acts is determined on a basis of a twelve-month period, except in particular circumstances not necessary to discuss here. A departure from this rule was inaugurated by the so-called net loss provision of the Revenue Act of 1918, and continued in subsequent revenue acts. This provision of the several acts is not open to all taxpayers, but only those who come within its terms, and the loss to be carried forward must be measured by the terms of the statute, and not otherwise. A glance at the provisions of section 206 (a) of the Revenue Act of 1926 [26 USCA § 937 (a)], with which we are concerned here discloses a very detailed plan of determining a loss that may be carried forward into another year. We see no reason why Congress in granting this

particular boon may not limit it so that the loss to be carried forward is an actual and true loss, and not an artificial one which arises from the exclusion of certain non-taxable income."

Plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness and took no part in its decision.