**GEORGE W. HELME CO. v. UNITED STATES.**

**No. 42999.**

Court of Claims.

July 5, 1938.

Philip Sheridan McNally, of New York City (John Wilson Hood, of New York City, on the brief), for plaintiff.

J. H. Sheppard, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

PER CURIAM.

Plaintiff is a New Jersey corporation which during the taxable years here involved carried on business in New York and Virginia and paid an income tax to those States on account of income earned therein. Pursuant to the Revenue Act of 1928 it filed Federal income tax returns for 1929, 1930, and 1931, and claimed and was allowed deductions from gross income for the income taxes paid in those years to New York and Virginia. Thereafter it filed claims for refund in which it contended in substance, as it now contends here, that a refund should be granted because citizens and domestic corporations to credit against the taxes due the United States a certain proportion of the taxes paid to foreign countries, whereas, as indicated above, it was only entitled to a deduction from its gross income (and not to a credit against its tax due the United States) for the taxes which it paid to New York and Virginia. The Commissioner rejected the claims, and, we think, rightly so.

Plaintiff was not carrying on any business in a foreign country, paid no income taxes to a foreign country, and therefore did not come within the classification of corporations which Congress provided in section 131 should be entitled to the credit. Plaintiff's income was derived solely from sources within the United States. Its complaint is that instead of having been granted a right of deduction from gross income for these State income taxes, it should have been granted a right of credit against the tax otherwise due the United States. Suffice it to say that Congress did not grant such a right and certainly it does not lie within the power of this court to so amend the statute. And being without such power, it would avail nothing to plaintiff if this court should say, as plaintiff

contends, that the statutes granting the credits are unconstitutional, because this court has jurisdiction only to render money judgments (United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90), and no money judgment could result to plaintiff if we were to say that some other taxpayer has received a benefit to which that taxpayer was not entitled. At best the issue is moot or academic as now presented by this plaintiff.

Aside from the fact that no money judgment could result to plaintiff from a finding that credits should not have been granted on account of foreign taxes paid, the contention that section 131 of the Revenue Act of 1928 is violative of the Constitution is without merit. The granting or denying of credits and deductions is a matter of legislative grace and is left to the sound discretion of Congress. Such provisions may be held invalid only when shown to be arbitrary and capricious or to result in gross and patent inequalities. Brushaber v. Union Pacific R. R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A. 1917D, 414, Ann.Cas.1917B, 713. The same is true with respect to the selection and classification of citizens and corporations for taxing purposes. Denman v. Slayton, 282 U.S. 514, 51 S.Ct. 269, 75 L.Ed. 500. Certain deductions were granted to taxpayers in plaintiff's classification, including a deduction for income tax paid to a State other than that in which it was incorporated, whereas certain credits were granted to other corporations on account of income taxes paid to foreign countries on income earned in those countries. These two classes are so dissimilarly situated, both as to the source of income and the economic considerations surrounding the earning of that income, that we can find nothing unreasonable in the classifications deliberately fixed, nor can we say that there was anything arbitrary or capricious in such action.

Plaintiff presents a similar argument with respect to credits allowed on account of income derived from foreign possessions as distinguished from foreign countries, but we are convinced that a like answer must be given to that contention. In short, we are of the opinion that all the considerations advanced are without merit and accordingly the petition should be dismissed. It is so ordered.