REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol, Room 1116 Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have requested our opinion on two questions regarding the constitutionality of the amended version of LB 717. Generally, LB 717, as amended, would modify the income tax base of corporations with income from exempt securities by adding back to taxable income a portion of a corporation's total deductible expenses. The amount of the add back is determined by dividing the corporation's average investment in exempt securities by the corporation's average total assets, and multiplying this ratio by the corporation's total expenses. The amendment limits the add back to an amount not to exceed 90 percent of the corporation's income received from exempt securities until 1991, at which time the limitation will be reduced to an amount not exceeding 75 percent of the corporation's income from exempt securities. In addition, a further limitation is provided on the amount of tax imposed upon corporate taxpayers which are financial institutions. For the taxable year beginning in 1985 only, the tax imposed upon financial institutions would be limited to the greater of either the amount of tax imposed on the institution in 1984, or an amount equal to 75 cents times each $1,000.00 of average deposits held by the institution during 1985.
You have requested us to consider whether LB 717, as amended, would operate as an unconstitutional impairment of contractual obligations with respect to the tax-exempt status of interest income received from investment in municipal or other political subdivision bonds. In addition, you have asked us to determine whether the expense add back formula would unconstitutionally discriminate against municipal bond issues. As was noted, the amendment proposes to modify the income tax base of corporations with income from exempt securities by adding back to taxable income a portion of a corporation's total deductible expenses. Presently, under Neb.Rev.Stat. § 77-2716(2) (Supp. 1984), the amount of expense added back to taxable income is based solely on the interest expense incurred by the corporation in purchasing and maintaining exempt securities. Pursuant to subsection (3) of § 77-2716, the amount of the add back is determined by dividing the corporation's average investment in exempt securities by the corporation's average total assets, and multiplying this ratio by the corporation's total interest expense. The amendment to LB 717 would alter this formula by using as a multiplier the corporation's total expenses, rather than utilizing only interest expense.
With respect to your first question, we believe the add back formula contained in the amendment would not operate to unconstitutionally impair contractual obligations regarding the tax-exempt status of interest income received from investment in municipal or other political subdivision bonds. The amendment does not subject interest earned on such obligations to taxation as income. The add back formula provided in the amendment is identical to that presently employed under § 77-2716(3), except the multiplier utilized is a corporation's total expenses, rather than interest expense alone. The amendment thus employs an approximation using a formula approach based on total expenses to apportion the amount of the add back. In essence, the formula recognizes that, to the extent corporations are allowed to earn exempt income, there is no requirement that a deduction for expenses not incurred to generate taxable income be provided as well.
The United States Supreme Court has consistently recognized the distinction between a permissible exclusion from deductions of expenses relating to exempt income, and an impermissible tax on exempt income or property. In Denman v. Slayton, 282 U.S. 514 (1931), the Court upheld provisions of the Revenue Act of 1921 which permitted the deduction of interest generally, except interest paid on indebtedness incurred or continued to purchase or carry tax-exempt securities. In rejecting the taxpayer's contention that both an exemption for interest received on tax-free obligations and a deduction for interest expense incurred was required, the Court in Denman stated: "While guaranteed exemptions must be strictly observed, this obligation is not inconsistent with reasonable classification designed to subject all to the payment of their just share of a burden fairly imposed." Id. at 519. Subsequently, in Helvering v. Independent Life Ins. Co., 292 U.S. 371 (1934), the Court upheld provisions of the Revenue Act of 1921 and 1924 permitting the deduction of depreciation and expenses of buildings owned by life insurance companies only if the companies included in their gross income the otherwise exempt rental value of the space occupied. The Court held the provisions constituted a "valid apportionment of expenses." Id. at 381.
In United States v. Atlas Life Ins. Co., 381 U.S. 233
(1965), the Court, upholding the pro rata deduction provision of the Life Insurance Company Income Tax Act of 1959, reaffirmed its adherence to the principle announced in Denman and Independent Life of "charging exempt income with a fair share of the burden properly allocable to it."318 U.S. at 251. Recently, in First National Bank of Atlanta v. Bartow County Board of Tax Assessors, 470 U.S. ___, 106 S.Ct. ___, 84 L.Ed.2d 535 (1985), the Court held valid the exclusion from net worth, in the computation of a state property tax on bank shares, of only that percentage of federal obligations attributable to assets rather than to liabilities. Discussing the tax exemption granted for government obligations, the Court in Bartow County stated:
In sum, ever since Gehner, each time this Court has addressed the scope of the tax exemption for government obligations, it has concluded that the exemption need not be a total exclusion, but, instead, may be limited by charging tax-exempt obligations and interest their fair share of related expenses or burdens. Id. at ___, 106 S.Ct. ___,84 L.Ed.2d at 543.
We conclude that LB 717, as amended, does not unconstitutionally impair contractual obligations relating to municipal bond issues. The bill does not tax interest earned on such obligations as income. Rather, the add back formula establishes a method to apportion a permissible exclusion or disallowance of expense deductions pertaining to the generation of nontaxable income.
Your second question concerns whether the expense add back formula would unconstitutionally discriminate against municipal bond issues. Specifically, your question addresses the propriety of utilizing total expenses as a multiplier in the formula to apportion the amount added back to taxable income, rather than using interest expense alone as a multiplier. Formulas employed by states to apportion the income of interstate businesses for corporate income tax purposes have consistently been upheld against constitutional attack. In Moorman Manufacturing Company v. Bair,437 U.S. 267 (1978), the U.S. Supreme Court upheld the constitutionality of Iowa's statutory single-factor sales formula for apportioning an interstate business income for Iowa income tax purposes. The Court in Moorman, noting "the States have wide latitude in the selection of apportionment formulas," stated: [A] formula-produced assessment will only be disturbed when the taxpayer has proved by "clear and cogent evidence" that the income attributed to the State is in fact "out of all appropriate proportion to the business transacted * * * in that State," * * * * * * or has "led to a grossly distorted result," Id. at 274 (citations omitted).
By analogy, this principle may be applied to assess the constitutional validity of apportionment accomplished by the expense add back formula. We cannot conclude the use of total expenses to apportion the amount of expenses added back to taxable income would, on its face, be inappropriate or lead "to a grossly distorted result." It is therefore our opinion that the use of total expenses in the add back formula would not be held unconstitutional on this ground.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel Assistant Attorney General