## UNITED STATES *v.* HUDSON.

No. 97.   Argued November 17, 18, 1936.—Decided January 11, 1937.

*Assistant Attorney General Jackson,* with whom *Solicitor General Reed* and *Messrs. Sewall Key, George H.*

*Foster, Herman Oliphant,* and *Loren P. Oakes* were on the brief, for the United States.

*Mr. Bernhard Knollenberg,* with whom *Mr. George de Forest Lord* was on the brief, for respondent.

By leave of Court, *Messrs. Kingman Brewster, O. R. Folsom-Jones, A. H. Conner,* and *John Ward Cutler* filed a brief, as *amici curiae,* urging affirmance of the decision below.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

Respondent bought on May 3 and sold on May 23 and 29, all in 1934, certain futures contracts for the delivery of 500,000 ounces of silver, and realized therefrom, after deducting allowed expenses, a profit of $8,621.96. He paid a tax of 50% of this profit in obedience to the taxing provision of the Silver Purchase Act of June 19, 1934,[1] duly but unsuccessfully sought to have the amount of the tax refunded, and then brought suit in the Court of Claims to recover the same. The court held the tax invalid, as retroactively applied to respondent's sales, and gave judgment accordingly. 12 F. Supp. 620; 13 F. Supp. 640. The case is here on certiorari.

The Silver Purchase Act, in § 8, imposes on all transfers of any interest in silver bullion, where the price for which such interest is transferred exceeds the total cost and allowed expenses, a tax of 50 per centum of such excess, and requires that the tax be paid by affixing to a memorandum of the sale lawful stamps in the amount of the tax. The section further provides that the tax, besides reaching transfers thereafter made, shall be applicable to transfers made on or after May 15, 1934, and prior to the date of the act, with the qualification that

---

[1] C. 674, § 8, 48 Stat. 1178.

as to such prior transfers the tax shall be paid in such manner and at such time as the Commissioner, with the approval of the Secretary of the Treasury, may by regulation prescribe.

The question presented for decision is whether, in view of the restraints of the due process of law clause of the Constitution,[2] the retroactive provision under which the tax was exacted from the respondent is an admissible exertion of the power to tax.

Examination of the taxing provision and of pertinent decisions shows, as we think, that the answer must be in the affirmative.

The taxing provision does not impose a tax in respect of all transfers, but only in respect of such as yield a profit over cost and allowed expenses. If there be no profit there is to be no tax. If there be a profit the tax is to be 50% of it. Thus a profit is made the occasion for the tax and also the measure of it. Because of this, counsel for the Government contend that the tax is a special income tax; and we think the contention is sound.

It is not material that such profit is taxed, along with other gains, under the general income tax law, for Congress has power to impose an increased or additional tax if satisfied there is need therefor. *Patton* v. *Brady*, 184 U. S. 608, 620–622.

As respects income tax statutes it long has been the practice of Congress to make them retroactive for relatively short periods so as to include profits from transactions consummated while the statute was in process of enactment, or within so much of the calendar year as preceded the enactment; and repeated decisions of this Court have recognized this practice and sustained it as consistent with the due process of law clause of the Constitution. *Stockdale* v. *Insurance Cos.*, 20 Wall. 323, 331,

---

[2] The Fifth Amendment contains the due process of law clause applicable to the United States.

332, 341; *Brushaber* v. *Union Pacific R. Co.*, 240 U. S. 1, 20; *Lynch* v. *Hornby*, 247 U. S. 339, 343; *Cooper* v. *United States*, 280 U. S. 409, 411. And see *Milliken* v. *United States*, 283 U. S. 15, 21. The cases on which the Court of Claims partly rested its decision were both examined and distinguished in *Cooper* v. *United States* and *Milliken* v. *United States*.

The period of retroactivity prescribed for this taxing provision reaches backward from June 19, 1934, the date of the act, to and including May 15, 1934,—35 days. For some months prior to this period there was strong pressure for legislation requiring increased acquisition and use of silver by the Government, and several bills providing therefor were presented in the Senate and House of Representatives. On May 22 the President sent to Congress a message [3] recommending legislation for increasing the amount of silver in our monetary stocks and further recommending the imposition of a tax of at least 50% on profits accruing from private dealing in silver. The bill which became the Silver Purchase Act was introduced May 23 in response to this message. In these circumstances we think the period of retroactivity fixed in the act is not unreasonable, but consistent with the practice sustained by this Court in the cases already cited.

It results that the Court of Claims erred in holding the retroactive provision invalid as applied to respondent's sales.

*Judgment reversed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.

---

[3] Hearings on H. R. 9745, Silver Purchase Act of 1934, pp. 1 and 2.