## MILLER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9463.

Circuit Court of Appeals, Ninth Circuit.

Nov. 13, 1940.

480

F. David Mannoccir, II, of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Maurice J. Mahoncy, and Michael H. Cardoza, IV, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The case is here on petition to review a decision of the Board of Tax Appeals upholding the determination of a deficiency in petitioner's income tax for 1933.

During the calendar years 1932 and 1933 petitioner was engaged in business as a trader in securities. In 1932 he sustained a net loss in his business operations. He carried the loss forward and claimed it as a deduction from gross income in his return for the calendar· year 1933, under § 117 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 524. This provides that "if, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the suceeding taxable year * * *."[1]

The Commissioner disallowed the deduction on the ground that § 117 of the Revenue Act of 1932 had been repealed by § 218(a) of the National Industrial Recovery Act, enacted June 16, 1933, 48 Stat. 209. Accordingly he assessed a deficiency.

The case requires little discussion. Title II of the National Industrial Recovery Act, § 218(a), under a subhead denominated "Reemployment And Relief Taxes", provides: "Effective as of January 1, 1933, sections 117 [and other designated sections] of the Revenue Act of 1932 are repealed." Petitioner argues that the attempted repeal was ineffectual, since it was held in Schechter Poultry Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947, that the National Industrial Recovery Act is unconstitutional.

The argument is without merit. The repealing section did not relate to or depend upon the codes of fair competition involved in the Schechter decision. The National Industrial Recovery Act contains a separability clause, § 303, 40 U.S.C.A. § 413. The various revenue provisions of Title II have been administered ever since the act was passed, and no reason even faintly persuasive is advanced in support of their supposed unconstitutionality.

It is further claimed that the repealing section is invalid because retroactive to January first of the year enacted. This contention is equally groundless. As said in United States v. Hudson, 299 U.S. 498, 57 S.Ct. 309, 310, 81 L.Ed. 370, "as respects income tax statutes, it long has been the practice of Congress to make them retroactive for relatively short periods so as to include profits from transactions consummated while the statute was in process of enactment, or within so much of the calendar year as preceded the enactment; and repeated decisions of this Court have recognized this practice and sustained it * * *." The provision contained in the Revenue Act of 1932, permitting the carrying forward of a net loss, was a matter of legislative grace. It was within the power of Congress to revoke the privilege.

Petitioner's remaining point is that § 218(a), properly construed, was not intended to apply to a deduction carried over from 1932, but was intended to effect only carry-overs in years subsequent to the year of its enactment. However, § 117 was simply repealed outright. Throughout 1933

---

[1] The provision is contained in subsec. (b). Subsec. (a) defincs the term "net loss".

and when petitioner made his return for that year there was no statute on the books permitting the taking of a deduction for a net loss sustained the previous year.

Affirmed.