CHARLES V. BURGHART AND MABEL BURGHART, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105020. Promulgated October 14, 1941.

*J. H. Gilby, C. P. A.*, for the petitioner.
*David Altman, Esq.*, for the respondent.

## OPINION.

VAN FOSSAN: The sole question for decision is whether the gains received during 1938 by petitioners on liquidation of the Bates & Rogers Construction Co. are to be taxed under the 1936 Act or under the 1938 Act. Petitioners contend that the 1936 Act governs and that under section 117 (a) of that act [1] 30 percent of the liquidation gain of $36,331.94 should be included in computing petitioners' net income. Respondent determined that the 1938 Act should govern and in accordance with section 117 (b) of that act [2] included 50 percent of the gain.

Petitioners first argue that the legislative history of section 115 (c) of the Revenue Act of 1936,[3] which deals with distributions made in complete liquidation of a corporation, shows an intent that the 1936 Act should govern all distributions under a plan of complete liquidation if the first distribution was made under the 1936 Act. We have searched the legislative history and are unable to find any such intent manifested. The report of the House Ways and Means Committee states that the change from recognition under the 1934 Act of the entire gain on liquidation to recognition on a percentage basis was

---

[1] SEC. 117. CAPITAL GAINS AND LOSSES.

(a) GENERAL RULE.—In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income:

100 per centum if the capital asset has been held for not more than 1 year;

80 per centum if the capital asset has been held for more than 1 year but not for more than 2 years;

60 per centum if the capital asset has been held for more than 2 years but not for more than 5 years;

40 per centum if the capital asset has been held for more than 5 years but not for more than 10 years;

30 per centum if the capital asset has been held for more than 10 years.

[2] SEC. 117. CAPITAL GAINS AND LOSSES.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(b) PERCENTAGE TAKEN INTO ACCOUNT.—In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income:

100 per centum if the capital asset has been held for not more than 18 months;

66⅔ per centum if the capital asset has been held for more than 18 months but not for more than 24 months;

50 per centum if the capital asset has been held for more than 24 months.

[3] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117 (a), 100 per centum of the gain so recognized shall be taken into account in computing net income, except in the case of amounts distributed in complete liquidation of a corporation. For the purpose of the preceding sentence, "complete liquidation" includes any one of a series of distributions made by a corporation in complete cancellation or redemption of all of its stock in accordance with a bona fide plan of liquidation and under which the transfer of the property under the liquidation is to be completed within a time specified in the plan, not exceeding two years from the close of the taxable year during which is made the first of the series of distributions under the plan. \*　\*　\*

made to encourage liquidations. There is nothing to indicate an intention on the part of the legislators that the 1936 Act should apply to all liquidations begun under it. Nor do we believe that such an interpretation would be reasonable.

Petitioners argue further that a reasonable interpretation of section 115 (c) of the Revenue Act of 1938[4] makes the 1936 Act govern distributions made pursuant to a plan of liquidation promulgated prior to the effective date of the 1938 Act. That argument must be rejected. The portion of section 115 (c) of the 1938 Act which draws a distinction between liquidations begun before January 1, 1938, and those begun after December 31, 1937, as regards the length of time within which distribution and liquidation must be completed, was added by amendment on the floor of the Senate. The explanation given does not indicate an intent that the 1936 Act should apply throughout the liquidations commenced under it.

Not only did Congress fail to indicate an intent that the provisions of the 1936 Act should apply, but it was within the power of Congress to apply the increased percentage of gain on distributions made during 1938. It is well established that a taxpayer has no vested right in existing rates of taxation. As we pointed out in *Prudential Tobacco Co.*, 42 B. T. A. 518, 520:

* * * That case [*Welch* v. *Henry*, 305 U. S. 134] and *United States* v. *Hudson*, 299 U. S. 498, indicate that taxpayers must be deemed to be forewarned of the possibility of changes in rates, classifications, deductions, and credits in the income tax laws. * * *

See also *Milliken* v. *United States*, 283 U. S. 15.

The gains received by petitioners by reason of distributions made during 1938 were taxable under the 1938 Act and respondent properly included 50 percent of such gains in determining petitioners' net income.

*Decision will be entered for the respondent.*

---

[4] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

    \*     \*     \*     \*     \*     \*     \*

(c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117, the gain so recognized shall be considered as a short-term capital gain, except in the case of amounts distributed in complete liquidation. For the purpose of the preceding sentence, "complete liquidation" includes any one of a series of distributions made by a corporation in complete cancellation or redemption of all of its stock in accordance with a bona fide plan of liquidation and under which the transfer of the property under the liquidation is to be completed within a time specified in the plan, not exceeding, from the close of the taxable year during which is made the first of the series of distributions under the plan, (1) three years, if the first of such series of distributions is made in a taxable year is beginning after December 31, 1937, or (2) two years, if the first of such series of distributions was made in a taxable year beginning before January 1, 1938. * * *