WOODS, Acting Housing Expediter, v.
SCHMID, Sheriff, et al.
No. 11824.

Circuit Court of Appeals, Fifth Circuit.
Dec. 26, 1947.

Nathan Siegel, Atty., Office of Housing
Expediter, David London, Dr., Litigation
Div., O.P.A., and Albert M. Dreyer, Chief
Appellate Branch, O.P.A., all of Washington, D. C., for appellant.

George W. Allison and James H. Martin,
both of Dallas, Tex., for appellees.

Before SIBLEY, HOLMES, and Mc-
CORD, Circuit Judges.

McCORD, Circuit Judge.

This action was originally brought by
the Price Administrator to restrain certain
landlords, sheriffs, and Justices of the
Peace in the Defense Rental Area of Dallas, Texas, from evicting their tenants
without complying with the Rent Regulations for Housing governing evictions.

It was shown that the Emergency Price
Control Act of 1942, as amended, 50 U.S.
C.A.Appendix, § 901 et seq., expired at
midnight on June 30, 1946; that a number
of bills were introduced immediately thereafter providing for immediate renewal of
rent controls; that on July 25, 1946, a bill
satisfactory to Congress and the President
was agreed upon, and was passed as the
Price Control Extension Act of 1946, Public Law 548, 79th Congress, 2nd Session, 60
Stat. 664. This Act extended price and
rent control until June 30, 1947, and provided that all prior regulations in effect
under the old statute were to again become
effective as though the new law had been
enacted on June 30, 1946, but that nothing
done during the interim period should subject anyone to liability.

Certain landlords in the Dallas area, during the interim period in which there was
no valid rent control, commenced suit in
the Justice of the Peace Courts there to

evict various tenants, without first complying with the provisions of the Rent Regulations. Price Control Extension Act of 1946, Rent Regulation for Housing, Section 6. In some cases, judgments of eviction were entered before July 25, 1946, the date when rent control went back into effect; in others, judgments of eviction were obtained after that date, or had not been obtained and were still being sought. Some of the eviction judgments were obtained by agreement with the tenants, and others were ordered by the Justices of the Peace before whom the case tried.

The District Court granted the preliminary injunction against those landlords who had not obtained judgments of eviction against their tenants, or who had obtained them after July 25, 1946, but denied the injunction as to those who had obtained judgments of eviction by agreement with their tenants on or before the effective date of the new regulation, July 25, 1946. The injunction was further denied as to the sheriffs, constables, and Justices of the Peace involved.

We are of opinion the District Court erred in failing to enjoin those landlords, who had obtained judgments of eviction by agreement with their tenants, during the interim period when no rent control was in effect, from enforcing such judgments after the Price Control Extension Act was passed. The agreements of the tenants to the entry of judgments of eviction against them did not operate to invalidate those provisions of the Emergency Price Control Act, and Price Control Extension Act, declaring such agreements unlawful and void. Emergency Price Control Act, Section 4(a); Rent Regulation, Sections 1(d) and 6(a); D. A. Schulte, Inc., v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114, 167 A.L.R. 208; Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296.

The Price Control Extension Act placed the Emergency Price Control Act and the regulations issued thereunder in effect, retroactively, on June 30, 1946, with the provision that nothing done during the interim period should subject anyone to liability;

it also placed that Act and the regulations thereunder in full force and effect prospectively as of July 25, 1946, the date the Price Control Extension Act was passed. It therefore becomes manifest that, although the eviction agreements with the tenants were not illegal when made, any attempt to enforce them after the Price Control Extension Act had been passed was unlawful, as they had then been invalidated by the very provisions of the Act itself.

The Price Control Extension Act, insofar as it deprives the landlords involved of the right to enforce their eviction judgments, obtained by agreement with their tenants before the resumption of control, is constitutional. There is no unconstitutional deprivation of due process by "retroactive" legislation here. Porter v. Shibe, 10 Cir., 158 F.2d 68. The injunction sought by the Administrator was to prevent, after July 25, any evictions which were not in accordance with the Rent Regulations in effect after July 25, 1946. The Supreme Court has frequently held analogous legislation as not retroactive in effect. New York Central H. R. R. Co. v. United States, 212 U.S. 500, 29 S.Ct. 309, 53 L.Ed. 624; In re Rahrer, 140 U.S. 545, 11 S.Ct. 865, 35 L.Ed. 572; Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092. Moreover, even if the Act be regarded as having "retroactive" operation, that in itself would not render it invalid. Blount v. Windley, 95 U.S. 173, 24 L.Ed. 424; Porter v. Senderowitz, 3 Cir., 158 F.2d 435; Guaranty Trust Co. of New York v. Henwood, 307 U.S. 247, 59 S.Ct. 847, 83 L.Ed. 1266; Taylor v. Brown, Em. App., 137 F.2d 654; Miller v. Schoene, 276 U.S. 272, 48 S.Ct. 246, 72 L.Ed. 568; United States v. Hudson, 299 U.S. 498, 57 S.Ct. 309, 81 L.Ed. 370; Home Building & Loan Ass'n v. Blaisdell, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413, 88 A.L.R. 1481.

It therefore follows that, on the date the present action was instituted, the Rent Regulation, as revived by the Price Control Extension Act of 1946, prohibited appellees from evicting these tenants without first complying with the requirements of the Rent Regulations, notwithstanding

the fact that they had obtained judgments of eviction during the interim period when no rent control was in effect. Also, since the sheriffs, constables and Justices of the Peace were admittedly engaged in enforcing such violations, it was clearly the duty of the court to enjoin them along with the landlords involved. The scope of the injunction should therefore be enlarged so as to enjoin appellees from evicting the tenants without first complying with the appropriate provisions of the Rent Regulations.

For the reasons herein assigned the judgment of the court below is reversed and the cause remanded for proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded.