WIGGINS, Justice
(dissenting).
The facts of this case illustrate why many ordinary citizens distrust their elected officials. In 2002 this court’s decision in Home Builders Ass’n of Greater Des Moines, established the proposition that any fees a city collects is an illegal tax when it charges franchise fees not reasonably related to the reasonable costs of inspecting, licensing, supervising, or otherwise regulating a franchised activity. Home Builders Ass’n of Greater Des Moines v. City of W. Des Moines, 644 N.W.2d 339, 347-48 (Iowa 2002).
On May 2, 2005, the elected officials of the City of Dubuque enacted a cable franchise fee. Dubuque Mun. Code ch. 11, § 3A-7(1). Under existing Iowa law, the city should have known that such a fee is an illegal tax to the extent it exceeds the reasonable administrative costs of regulating the cable provider. The fee as enacted was due not to the city, but to cable providers who would disconnect a subscriber’s cable service if he or she refused to pay the illegal tax. Once the citizens of Du-buque realized the franchise fee was nothing more than an illegal tax, they brought this action to seek a refund.
On May 26, 2006, this court issued the Kragnes decision. Kragnes v. City of Des Moines, 714 N.W.2d 632 (Iowa 2006). In Kragnes, this court held the citizens of a municipality could bring an action against the municipality for a refund of that part of a franchise fee paid by the citizens that exceeded the reasonable administrative costs related to gas and electric utility franchises. Id. at 643-44. In response to Kragnes, the 82nd General Assembly passed a law authorizing franchise fees in excess of a city’s administrative costs and giving municipalities the right to retain the revenues it collected from the illegal tax. Iowa Code § 477A.7(5) (Supp.2007). This *657 law became effective May 29, 2007. 2007 Iowa Acts ch. 201, § 15.
I assume that in 2005, when the Du-buque City Council passed its franchise fee, the 81st General Assembly had neither the votes nor the political will to authorize the city to collect franchise fees on cable services in excess of the reasonable costs of inspecting, licensing, supervising, or otherwise regulating such services. Subsequently, the 82nd General Assembly, a legislative body not elected by the people at the time the Dubuque City Council levied and collected the illegal tax, decided the city could retain the revenues generated by the tax. The actions of the 82nd General Assembly, authorizing the collection of the illegal tax retrospectively, compounded the unfairness of the actions of the Dubuque City Council when it enacted the tax without legislative authority. Such conduct by these elected officials completely disregarded the political will of the general assembly at the time the Dubuque City Council imposed the franchise fee on cable services. These actions are as repugnant to the American system of taxation as the concept of taxation without representation.
The majority decision holds, a curative statute may, consistent with due process principles, authorize the unfettered retroactive application of an illegal tax so long as the purpose of the curative statute is to protect the public fisc. Of course, any time a city must pay out funds the public fisc is at risk. Thus, under the majority’s decision, a curative statute authorizing the imposition and retention of an illegal tax can never be subject to a due process challenge.
Taking the holding of the majority to its logical conclusion leads to the result that any act a legislative body had the power to enact, but did not authorize by formal legislative enactment, could be the subject of a curative act and evade the requirements of the Due Process Clauses of the United States and Iowa Constitutions. This reasoning is illogical, and its flaw is illustrated by the following example.
The general assembly has the power to enact a fee on hunters. However, such a fee is nothing more than an illegal tax until a bill enacting such a fee is introduced in the general assembly, passed by a constitutional majority of the house and senate, and signed by the governor. Suppose the department of natural resources decides the state’s financial situation requires more revenues and on its own, enacts a rule to collect an additional ten percent fee on hunting licenses without the authorization of a law enacting such an increase. Because the legislature has not authorized this fee, it is an illegal tax. Under the logic of the majority, the department may collect and retain this tax without legislative authority so long as a subsequent general assembly enacts a curative act allowing the state to retain the illegal tax it previously collected.
Moreover, a retroactive tax is a new tax whether the legislature enacts it as a curative statute or by other legislation. The effect is the same, the legislature is authorizing a governmental entity to collect and retain the revenues of a tax that the entity previously was not authorized to collect. The manner in which the legislature enacts a retroactive tax is a distinction without a difference.
This does not mean, however, retroactive taxes necessarily violate the Due Process Clauses of the Federal or State Constitutions. See, e.g., United States v. Carlton, 512 U.S. 26, 35, 114 S.Ct. 2018, 2024, 129 L.Ed.2d 22, 31 (1994) (applying federal due process); United States v. Hemme, 476 U.S. 558, 571, 106 S.Ct. 2071, 2079, 90 L.Ed.2d 538, 550 (1986) (same); United States v. Darusmont, 449 U.S. 292, *658 297-99, 101 S.Ct. 549, 552-53, 66 L.Ed.2d 513, 517-19 (1981) (same); Welch v. Henry, 305 U.S. 134, 149-51, 59 S.Ct. 121, 126-27, 83 L.Ed. 87, 94-95 (1938) (same); United States v. Hudson, 299 U.S. 498, 500-01, 57 S.Ct. 309, 310, 81 L.Ed. 370, 372 (1937) (same); Shell Oil Co. v. Bair, 417 N.W.2d 425, 431-32 (Iowa 1987) (same); City Nat’l Bank of Clinton v. Iowa State Tax Comm’n, 251 Iowa 603, 608-09, 102 N.W.2d 381, 384 (1960) (applying state and federal due process principles).
The most recent Supreme Court decision to address the retroactivity of a tax is Carlton. In Carlton, a taxpayer relied on the Tax Reform Act of 1986 to exclude from federal estate taxation one-half of the proceeds from the sale of securities to an Employee Stock Ownership Plan. Carlton, 512 U.S. at 28, 114 S.Ct. at 2020-21, 129 L.Ed.2d at 26-27. In January 1987, after the taxpayer made the sale, the Internal Revenue Service (IRS) issued a notice stating it would not recognize such a deduction unless the decedent directly owned the stock immediately prior to his or her death. Id. at 29, 114 S.Ct. at 2021, 129 L.Ed.2d at 27. In December 1987 Congress enacted a statute codifying the substance of the IRS notice. Id. The IRS then disallowed the deduction because the decedent did not own the stock immediately before her death. Id. The taxpayer paid the deficiency, filed a claim for a refund, and instituted a suit for refund arguing the government’s retroactive use of the December 1987 law to deny a deduction available to the taxpayer when the taxpayer made the sale violated the Due Process Clause of the Fifth Amendment to the United States Constitution. Id.
Prior to Carlton, the Supreme Court determined the validity of a retroactive tax statute under the Due Process Clause by determining whether its “ ‘retroactive application is so harsh and oppressive as to transgress the constitutional limitation.’ ” Id. at 30, 114 S.Ct. at 2022, 129 L.Ed.2d at 28 (quoting Welch, 305 U.S. at 147, 59 S.Ct. at 126, 83 L.Ed. at 93). In applying the harsh and oppressive test, the Ninth Circuit in Carlton, considered two factors. Carlton v. United States, 972 F.2d 1051, 1059 (9th Cir.1992), rev’d, 512 U.S. 26, 114 S.Ct. 2018, 129 L.Ed.2d 22 (1994). These factors are “[f]irst, did the taxpayer have actual or constructive notice that the tax statute would be retroactively amended? Second, did the taxpayer rely to his detriment on the pre-amendment tax statute, and was such reliance reasonable?” Id. A third factor used by courts prior to the Supreme Court’s decision in Carlton in determining whether a retroactive application of a tax meets due process requirements was whether Congress acted promptly and established a modest period of retroactivity. Darusmont, 449 U.S. at 296-97, 101 S.Ct. at 551-52, 66 L.Ed.2d at 517.
After applying the factors of the harsh and oppressive test, the Ninth Circuit found the retroactive application of the tax unconstitutional. Carlton, 972 F.2d at 1062. In reversing the Ninth Circuit, the Supreme Court abandoned the factors of reliance and notice previously used by the Court in applying the harsh and oppressive test. Carlton, 512 U.S. at 30-34, 114 S.Ct. at 2022-24, 129 L.Ed.2d at 28-31. In place of the factors the Supreme Court previously applied under the harsh and oppressive test, the Court held, when dealing with economic policy, the harsh and oppressive test should not differ from the prohibition against arbitrary and irrational legislation. Id. at 30, 114 S.Ct. at 2022, 129 L.Ed.2d at 28. Thus, the Court held as long as a retroactive tax is supported by a legitimate legislative purpose furthered by rational means, the retroactive application will not violate the Federal Due Pro *659 cess Clause. Id. at 30-31, 114 S.Ct. at 2022, 129 L.Ed.2d at 28.
In Carlton, when deciding whether the retroactive application of a tax is supported by a legitimate legislative purpose furthered by rational means, the Supreme Court considered two factors. First, the Supreme Court determined whether the legislative body’s purpose in enacting the retroactive application of the statute was illegitimate or arbitrary. Id. at 32, 114 S.Ct. at 2023, 129 L.Ed.2d at 29. It is sufficient “if there exists some legitimate purpose underlying the retroactivity provision.” Id. at 37, 114 S.Ct. at 2025, 129 L.Ed.2d at 32 (O’Connor, J., concurring). The Supreme Court concluded the retroactive application of the tax was neither illegitimate nor arbitrary. Id. at 32, 114 S.Ct. at 2023, 129 L.Ed.2d at 29. The Court determined Congress had a legitimate purpose in correcting a mistake it made when it enacted the Tax Reform Act of 1986. Id. A failure to rectify the mistake would lead to billions of dollars in lost revenue for the government, and innocent taxpayers would have to help replenish the federal coffers if the mistake was not rectified retroactively. Id. at 31-32, 114 S.Ct. at 2022-23, 129 L.Ed.2d at 29.
Second, the Supreme Court determined whether the legislature “acted promptly and established only a modest period of retroactivity.” Id. at 32, 114 S.Ct. at 2023, 129 L.Ed.2d at 29. If the legislature acted promptly and established only a modest period of retroactivity, the statute would comport with due process. Id. The Supreme Court determined the retroactivity of the tax in question extended for a modest period of slightly greater than one year. Id. at 33, 114 S.Ct. at 2023, 129 L.Ed.2d at 30. Therefore, the Supreme Court upheld the retroactive application of the tax against a due process challenge. Id. at 35, 114 S.Ct. at 2024, 129 L.Ed.2d at 31.
Following the Carlton decision, legal scholars agreed that, in order for the retroactive application of a tax to pass constitutional muster under the Due Process Clause, a legislative body’s purpose in enacting the retroactive application of a tax statute can be neither illegitimate nor arbitrary, and the statute must possess a modest period of retroactivity. See, e.g., Charles H. Koch, Jr., 3 Administrative Law & Practice § 12.34[11] (2d ed. 1997); Pat Castellano, Retroactively Taxing Done Deals: Are There Limits?, 43 U. Kan. L.Rev. 417, 438 (1995); Lynn A. Gandhi, Taxation, 53 Wayne L.Rev. 599, 607 n. 70 (2007); Robert R. Gunning, Back From the Dead: The Resurgence of Due Process Challenges to Retroactive Tax Legislation, 47 Duq. L.Rev. 291, 293-94 (2009); Leo P. Martinez, Of Fairness and Might: The Limits of Sovereign Power to Tax After Winstar, 28 Ariz. St. L.J. 1193, 1208-09 (1996); Kaiponanea T. Matsumura, Reaching Backward While Looking Forward: The Retroactive Effect of California’s Domestic Partner Rights and Responsibilities Act, 54 UCLA L.Rev. 185, 203 (2006); Michael J. Phillips, The Slow Return of Economic Substantive Due Process, 49 Syracuse L.Rev. 917, 964 n. 306 (1999); Monica Risam, Retroactive Reinstatement of Top Federal Estate Tax Rates Is Constitutional: Kane v. United States, 51 Tax Law. 481, 485 (1998).
Other courts have passed on the constitutionality of a retroactive tax statute since the Supreme Court’s decision in Carlton. These courts have applied the two-part Carlton test. See, e.g., Quarty v. United States, 170 F.3d 961, 965-68 (9th Cir.1999) (upholding a retroactive tax by finding an eight-month period of retroactivity to be a modest period of retroactivity); Kitt v. United States, 277 F.3d 1330, 1334-35 *660 (Fed.Cir.2002) (upholding a retroactive tax by finding a seven-month period of retro-activity to be a modest period of retroac-tivity); Kane v. United States, 942 F.Supp. 238, 234 (E.D.Pa.1996) (upholding a retroactive tax by finding an eight-month period of retroactivity to be a modest period of retroactivity); Enter. Leasing Co. of Phoenix v. Ariz. Dep’t of Revenue, 221 Ariz. 123, 211 P.3d 1, 5-7 (2008) (upholding a retroactive tax by finding a one-month period of retroactivity to be a modest period of retroactivity); Gardens at W. Maui Vacation Club v. County of Maui, 90 Hawai'i 334, 978 P.2d 772, 782-83 (1999) (upholding a retroactive tax by finding a six-month period of retroactivity to be a modest period of retroactivity); Rivers v. State, 327 S.C. 271, 490 S.E.2d 261, 264-65 (1997) (holding a retroactive tax of at least two to three years is not a modest period of ret-roactivity; therefore, the statute’s retroac-tivity violates state and federal due process).
Prior to the Supreme Court’s decision in Carlton, this court had two occasions to look at the retroactivity of a tax statute. The first was City National Bank of Clinton. There, a taxpayer asked this court to determine the constitutionality of the retroactive application of a tax law regarding capital gains. City Nat’l Bank of Clinton, 251 Iowa at 605, 102 N.W.2d at 382. The taxpayer claimed the retroactive application of the statute violated the Due Process Clauses of both the United States and Iowa Constitutions. Id. at 607, 102 N.W.2d at 383. In deciding otherwise, this court applied a two-factor test under both Constitutions. Id. at 608-09, 102 N.W.2d at 383-84. The first factor considered by this court in- determining if the retroactive application of the statute violated due process was whether its retroactivity would be “harsh and oppressive.” Id. at 608, 102 N.W.2d at 384. In using this factor, this court applied the federal due process standard used by the Supreme Court at the time. See, e.g., Welch, 305 U.S. at 147, 59 S.Ct. at 125-26, 83 L.Ed. at 93.
The second factor this court considered in City National Bank of Clinton, when determining if the retroactive application of the statute violated due process, was the period of retroactivity. City Nat’l Bank of Clinton, 251 Iowa at 608-09, 102 N.W.2d at 384. Consideration of the period of retroactivity is the same as the second factor used by the Supreme Court in Carlton. Carlton, 512 U.S. at 32-33, 114 S.Ct. at 2023, 129 L.Ed.2d at 29-30. In applying this factor under the Iowa Constitution, this court stated the period of retro-activity should extend “no further than two years, or up to the adjournment of the last previous legislative session.” City Nat’l Bank of Clinton, 251 Iowa at 608-09, 102 N.W.2d at 384. This limitation on retroac-tivity prevents the legislature from enacting a tax that a prior legislature did not have the political will to enact. See Iowa Code § 2.2 (2007) (stating a regular session of the general assembly lasts for two years with the session beginning in the odd-numbered year).
The other case decided by this court dealing with the retroactivity of a tax statute was Shell Oil Co. There, a taxpayer claimed the retroactive application of a tax law dealing with the deductibility of a windfall profit tax violated the Federal Constitution’s Due Process Clause. Shell Oil Co., 417 N.W.2d at 430. In Shell Oil Co., this court reaffirmed the two-factor test it applied in City National Bank of Clinton and held the retroactive application of the tax did not violate due process. Id. at 431-32.
I believe the proper test to determine if a retroactive tax meets the due process requirements of the Federal and State Constitutions is whether the retroactive *661 application of the tax statute is supported by a legitimate legislative purpose furthered by rational means. I also believe the two factors used by the Supreme Court in Carlton is the proper analysis to determine if the retroactive application of the statute is supported by a legitimate legislative purpose furthered by rational means. The first factor requires the court to determine whether the legislative body’s purpose in enacting the retroactive application of the statute was illegitimate or arbitrary. The second factor requires the court to determine whether the legislature enacted only a modest period of retroactivity. Labeling the tax as a tax enacted by a curative statute does not change this analysis.
I agree with the majority’s analysis that the enactment of Iowa Code section 477A.7(5) is supported by a legitimate legislative purpose furthered by rational means. The majority, however, stops its analysis of the constitutionality of the statute at this point by labeling the tax as a tax authorized by a curative statute. Here, the majority and I part ways. In determining the constitutionality of section 477A.7(5), the court must also examine the period of retroactivity to determine if the tax violates substantive due process under the Federal and State Constitutions.
Under a federal constitutional analysis, the modest period of retroactivity does not have a bright-line rule. Justice O’Connor suggested in her concurring opinion that “[a] period of retroactivity longer than the year preceding the legislative session in which the law was enacted would raise, in [her] view, serious constitutional questions.” Carlton, 512 U.S. at 38, 114 S.Ct. at 2026, 129 L.Ed.2d at 33 (O’Connor, J., concurring). Justice Scalia, in his concurring opinion with Justice Thomas joining, urged abandonment of the modest-period-of-retroactivity factor and proposed the Court should consider the taxpayer’s reliance on the existing law as the second factor. Id. at 40, 114 S.Ct. at 2026-27, 129 L.Ed.2d at 34 (Scalia, J., concurring). However, the majority of the Court applied the modest-period-of-retroactivity factor, but did not specify a certain period of retroactivity that would comport with due process under the Federal Constitution. Id. at 32-33, 114 S.Ct. at 2023, 129 L.Ed.2d at 29-30. Rather than specifying a specific period of retroactivity, the majority cited its prior decisions holding that a modest retroactivity period is “ ‘customary congressional practice’ ” and that a retroactive application of slightly greater than one year will not violate the Federal Due Process Clause. Id. (quoting Darusmont, 449 U.S. at 296-97, 101 S.Ct. at 552, 66 L.Ed.2d at 517).
The Supreme Court has upheld retroactive federal tax laws against federal due process challenges when the period of ret-roactivity was less than fourteen months. See id. at 28-29, 114 S.Ct. at 2021, 129 L.Ed.2d at 26-27 (upholding a fourteen-month retroactive federal tax law against a due process challenge); Hemme, 476 U.S. at 562, 106 S.Ct. at 2074-75, 90 L.Ed.2d at 544-45 (upholding a four-month retroactive federal tax law against a due process challenge); Darusmont, 449 U.S. at 294-95, 101 S.Ct. at 550-51, 66 L.Ed.2d at 516 (upholding a ten-month retroactive federal tax law against a due process challenge); Hudson, 299 U.S. at 501, 57 S.Ct. at 310, 1 L.Ed. at 372 (upholding a one-month retroactive federal tax law against a due process challenge). The Supreme Court has also upheld a retroactive state tax law against a due process challenge that reached back two years. Welch, 305 U.S. at 141-42, 59 S.Ct. at 123, 83 L.Ed. at 90. There, the Supreme Court emphasized that the Wisconsin legislature met biannually and passed its curative act “at the first opportunity after the tax year in which the *662 income was received.” Id. at 150-51, 59 S.Ct. at 127, 88 L.Ed. at 95.
Under the Iowa Constitution, this court has developed a bright-line rule, consistent with Justice O’Connor’s concurring opinion in Carlton, for the modest period a legislature can apply a retroactive tax. In City National Bank of Clinton, this court applied a state due process analysis and held that for a retroactive tax to be valid, the period of retroactivity should extend “no further than two years, or up to the adjournment of the last previous legislative session.” City Nat’l Bank of Clinton, 251 Iowa at 608, 102 N.W.2d at 384. I believe under an Iowa constitutional due process analysis, this court should continue to apply this bright-line rule because this limitation on retroactivity prevents the legislature from enacting a tax that a prior legislature did not have the political will to enact.
Because this court has held the Iowa Constitution’s due process clause has a bright-line rule as to what constitutes a modest period of retroactivity, I would analyze the constitutionality of section 477A.7(5) under the due process clause of the Iowa Constitution. Although the legislature acted promptly in enacting section 477A.7(5) after this court announced its decision in Kragnes, the legislature did not include a period of retroactivity within the bright-line rule established in City National Bank of Clinton. In fact, the legislature chose to give section 477A.7(5) an unfettered period of retroactivity. See Iowa Code § 477A.7(5). This unlimited period of retroactivity far exceeds the bright-line rule that the period of retroac-tivity should extend “no further than two years, or up to the adjournment of the last previous legislative session.” City Nat’l Bank of Clinton, 251 Iowa at 608, 102 N.W.2d at 384. Therefore, I would hold, separately and independently from a federal due process analysis and in the exercise of this court’s exclusive prerogative to determine the constitutionality of an Iowa statute under the Iowa Constitution, that section 477A.7(5)’s unlimited period of ret-roactivity violates the due process clause contained in article I, section 9, of the Iowa Constitution.
However, I would not end the inquiry here. In construing a statute the court’s ultimate goal is to ascertain and, if possible, give effect to the intention of the legislature. Janson v. Fulton, 162 N.W.2d 438, 442 (Iowa 1968). Additionally, it is the court’s duty in construing a statute to preserve it and render it consistent with the state constitution, if possible. Hines v. Ill. Cent. Gulf R.R., 330 N.W.2d 284, 290 (Iowa 1983).
It is clear that when the legislature enacted section 477A.7(5), it intended to retroactively authorize the collection and retention of a cable franchise tax, including the fees collected in excess of the municipality’s reasonable costs of inspecting, supervising, or otherwise regulating the franchise. Accordingly, if I were to hold section 477A.7(5) unconstitutional because of its unlimited period of retroactivity, I would be defeating the legislature’s clear intent. Therefore, rather than holding the statute entirely unconstitutional, I believe the proper remedy would be to hold unconstitutional only that part of the retroactive period that is inconsistent with the due process principles contained in this dissent. See Peterson v. Comm’r of Revenue, 444 Mass. 128, 825 N.E.2d 1029, 1037-40 (2005) (giving a statute limited retroactivity after the court held it could not allow the period of retroactivity as enacted by the legislature). Consequently, I would hold section 477A.7(5) can be applied retroactively, but its period of retro-activity shall not extend further than two *663 years, or up to the adjournment of the last legislative session.
The last legislative session prior to the enactment of section 477A.7(5), ended May 3, 2006. See Iowa Sen. J., 81st G.A., Reg. Sess., at 1090 (2006); Iowa H.J., 81st G.A., Reg. Sess., at 1755 (2006). Thus, under my analysis, the city could collect cable franchise taxes beginning on May 3, 2006. However, I believe any retention of cable franchise taxes prior to that date violates the due process clause contained in article I, section 9 of the Iowa Constitution.
The substantive component of the Due Process Clause “bars certain arbitrary, wrongful government actions ‘regardless of the fairness of the procedures used to implement them.’ ” Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100, 113 (1990) (quoting Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662, 668 (1986)). By not applying the proper due process analysis, the majority permits municipalities to collect unauthorized taxes and legitimize them later, without temporal limitation. The majority’s holding under this factual situation gives credence to Justice Sealia’s notion that substantive due process is an oxymoron. Carlton, 512 U.S. at 39, 114 S.Ct. at 2026, 129 L.Ed.2d at 33 (Scalia, J., concurring).
HECHT, J., joins this dissent.